June 9, 1944.

No. 33,806.

*F. H. Durham, A. M. Lystad,* and *J. N. Moonan,* for appellants.
*Gillette & Meagher* and *Burr B. Markham,* for respondent.

MAGNEY, JUSTICE.

On July 2, 1934, plaintiff, then nine years of age, was struck by an automobile owned by defendant State Farmers Mutual Insurance Company and sustained injuries. His father, Peter G. Elsen, as attorney *pro se,* brought suit against the company and filed with his complaint a petition reciting that the parties had agreed upon a settlement and asking that the court approve it. On December 31, 1934, the court made its order approving the settlement and authorized petitioner to sign a proper release in behalf of the minor and to dismiss the action. On the same day, petitioner, as attorney *pro se,* dismissed the action with prejudice. On November 24, 1943, Elsen petitioned the court for an order vacating and setting aside the order of settlement dated December 31, 1934, and placing the cause on the calendar for trial within 60 days from the date of

[1]Reported in 14 N. W. (2d) 859.

the allowance of the petition. The petition sets out that the order dated December 31, 1934, was obtained and made under a mutual mistake of facts as to the nature and seriousness of the minor's injuries. It was supported by affidavits. A new complaint joining B. E. Benson, the company's employe, who was operating the car, was served, and defendants answered, setting out the settlement and other defenses. On January 31, 1944, the court granted plaintiff's petition "upon the ground of mutual mistake in the making of said order and the execution of the said dismissal." The court also set the case for trial on March 27, 1944, on the jury calendar. Judge Guilford signed the order of December 31, 1934, and also the order of January 31, 1944. Defendants appeal from the order of January 31, 1944. Plaintiff moved to dismiss the appeal. The sole question before this court is whether the order of January 31, 1944, is an appealable order. Whether or not the court was in error in setting aside the minor's settlement is not before us for determination at this time.

The order, to be appealable, must come within the following provisions of Minn. St. 1941, § 605.09 (Mason St. 1927, § 9498):

"(3) From an order involving the merits of the action or some part thereof;

\* \* \* \* \*

"(7) From a final order, affecting a substantial right, made in a special proceeding, or upon a summary application in an action after judgment."

In Security State Bank v. Brecht, 150 Minn. 502, 185 N. W. 1021, this court lays down the rule that a final order affecting a substantial right in a special proceeding is appealable. In Lincoln Securities Co. v. Poppe, Inc. 169 Minn. 392, 211 N. W. 470, it held that an order vacating or refusing to vacate a nonappealable order is appealable if the order affects a substantial right within the meaning of subd. (7). The order vacated and set aside in the instant case was a nonappealable order. It does not follow, however, that the vacating order is also not appealable. There can be no argu-

ment but that the order appealed from affected a substantial right of defendants. It revived an action. It removed a bar which prevented further action by the plaintiff. If it did this, it of necessity affected substantial rights of the defendants. In State ex rel. Beede v. Funck, 211 Minn. 27, 28, 299 N. W. 684, 685, this court said: "The general rule is that 'an order granting or denying the right to revive an action is a final decision and hence reviewable' by appeal." The order there appealed from also revived an action. It was substantially more than an order merely granting an intermediary remedy as claimed by respondent. The case of Picciano v. D. M. & N. Ry. Co. 102 Minn. 21, 112 N. W. 885, is in point. That action involved personal injuries to plaintiff's minor son. The terms of settlement were agreed upon, and plaintiff signed a stipulation of settlement and dismissal. Judgment of dismissal was thereupon duly entered upon order of court and the cause stricken from the calendar. Thereafter a motion was made to set aside the stipulation, order for judgment, and dismissal, and to reinstate the case on the calendar. The motion was granted and an appeal taken from the order. This court there held (102 Minn. 22, 112 N. W. 885):

"* * * The order is appealable, for the reason that it determines the strict legal rights of the parties, having put an end to the action and prevented the entry of a judgment from which an appeal might be taken."

In Dasich v. La Rue Min. Co. 126 Minn. 194, 148 N. W. 45, the court, upon motion, unconditionally vacated its previous order approving a minor child's settlement and the judgment entered therein, and from that order an appeal was taken. No question was raised as to the appealability of the order, and the matter was disposed of on its merits.

In Rishmiller v. D. & R. G. R. Co. 134 Minn. 261, 265, 159 N. W. 272, 274, the court said:

"The order appealed from is an order to vacate an order of dismissal and to reinstate the case. We have no doubt of the jurisdiction of the court to make the order upon proper notice. Macknick

v. Switchmen's Union of North America, 131 Minn. 246, 154 N. W. 1099. Nor have we any doubt that the order is appealable. Picciano v. D. M. & N. Ry. Co. 102 Minn. 21, 112 N. W. 885."

"* * * An order involving the merits is one which determines 'the strict legal rights of the parties as contradistinguished from those mere questions of practice which every court regulates for itself, and from all matters which depend upon the discretion or favor of the court.' It 'must be decisive of the question involved, or of some strictly legal right of the party appealing.' An order which leaves the point involved still pending before the court, and undetermined, cannot be said to involve the merits or affect a substantial right.' To be appealable under this provision the order should be, in its effect, in the nature of a final judgment in the action, or at least a final determination of some material question involved therein. It must be something more than a mere ruling or intermediate order made in the course of the trial on a question of procedure. * * * It is the general rule that no appeal lies from the action of a court which requires a subsequent order or judgment to give it effect." 1 Dunnell, Dig. & Supp. § 298, and cases cited.

In our opinion, the order appealed from is an appealable order.

In the case of Wilson v. Davidson & Fosse, File No. 33,351, an appeal similar to the one here involved was dismissed by the court without an opinion. Insofar as the decision in that case is contrary to the opinion here expressed, it is overruled.

Motion to dismiss appeal denied.

MR. JUSTICE STREISSGUTH took no part in the consideration or decision of this case.