Winnifred G. KACK, Plaintiff and Respondent,

v.

Walter T. KACK, Defendant and Appellant.

No. 8280.

Supreme Court of North Dakota.

May 19, 1966.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for appellant.

Stokes, Vaaler, Gillig & Warcup, Grand Forks, for respondent.

ERICKSTAD, Judge.

By summons and complaint dated February 14, 1963, the plaintiff, Winnifred G. Kack, initiated an action against her former husband, the defendant, Walter T. Kack, asserting two causes of action. The first cause of action alleged:

I.

That on or about the 30th day of January, 1960, at a time when an action for divorce was pending between the plaintiff and the defendant, the parties entered into an agreement, which agreement provided in part as follows:

"7. That the judgment to be entered in said Divorce Action shall provide among other things, that First Party,

the Plaintiff in said action, shall have the custody of James Kack, the minor son of the Parties, during the period of his minority, with full right of visitation by Second Party, the Defendant in said action, at all reasonable times and places, with the right of said minor, may elect;

"8. That the Second Party shall pay the entire cost of the education of the said minor son James Kack, including full cost of maintenance, during the minority of the said son, which payments are to be in addition to any other payments herein provided;".

2.

That the defendant has breached said agreement and has failed and refused to provide the minor son, James Kack, with the full cost of maintenance and it has been necessary for the plaintiff to furnish the same for a period of 19 months at a reasonable sum of $100.00 per month for room, board, laundry and other comforts; that further, the plaintiff has furnished to James Kack during said period the sum of $453.67; that further, the plaintiff has furnished for James Kack an automobile for his use in transportation to and from school and for his enjoyment, gas, oil and repairs for the reasonable value of $1,748.82, all making a total sum of $4,102.49.

The second cause of action alleged that Mrs. Kack had been fraudulently induced by Mr. Kack, who was then her husband, to sign the property settlement agreement and that she was consequently damaged in the sum of $100,000.

In his answer Mr. Kack denied the allegations material to this law suit and asserted that neither of Mrs. Kack's causes of action stated a claim upon which relief could be granted.

Mr. Kack then moved for summary judgment in his favor pursuant to Rule 56 of the North Dakota Rules of Civil Procedure.

In findings of fact, conclusions of law, and order for judgment dated February 24, 1964, the district court granted summary judgment of dismissal of Mrs. Kack's second cause of action but denied Mr. Kack's motion for summary judgment as to Mrs. Kack's first cause of action.

Following a hearing on Mrs. Kack's first cause of action the district court found that she was entitled to and ordered that she recover a judgment against Mr. Kack in the sum of $1,886.40, together with her costs. The order was dated September 28, 1964. Judgment was entered in the District Court of Stark County pursuant to this order on October 22, 1964. Notice of the entry of the judgment, dated October 23, 1964, was served by mail on counsel for Mr. Kack on October 24, 1964.

In February 1965 Mr. Kack moved to amend the judgment entered on October 22, 1964, to include provisions for the dismissal of Mrs. Kack's second cause of action in accordance with the findings of fact, conclusions of law, and order for judgment entered by the district court on February 24, 1964. The following stipulation was then entered into between counsel for the respective parties:

Counsel for the Defendant, Walter T. Kack, having heretofore filed and served a Motion for an Order of the above entitled Court to amend and correct the Judgment heretofore entered in said matter as of October 22, 1964, the form of such amended Judgment being attached to the Motion so made, and counsel for the Plaintiff having no objection thereto as to form.

NOW THEREFORE, IT IS STIPULATED AND AGREED by and between counsel for the respective parties hereto, that the Judgment of the above entitled Court made and entered in said matter on October 22, 1964, may be corrected and amended *nunc pro tunc* in the form of judgment as attached to said Motion dated February 27, 1965.

Dated this 16th day of March, A.D., 1965.

Pursuant to this stipulation the district court on March 23, 1965, executed the following order:

The Defendant above named having through his counsel by motion dated February 27, 1965, moved the Court for an Order amending and correcting the Judgment heretofore entered in said matter on October 22, 1964, to include provisions for a dismissal of Plaintiff's second cause of action in accordance with Findings of Fact, Conclusions of Law and Order for Judgment entered in said matter on February 24, 1964, which said Motion was served upon counsel for the Plaintiff on February 27, 1965, and the parties having through their respective counsel subsequently stipulated, by Stipulation dated March 16, 1965, that said Judgment might be amended and corrected nunc pro tunc in the form of Amended Judgment as attached to the Defendant's said Motion.

NOW THEREFORE, IT IS HEREBY ORDERED that the Judgment entered in the above entitled matter on October 22, 1964, be amended and corrected nunc pro tunc to read as set forth in the form of such Amended Judgment as is hereto attached.

LET AMENDED JUDGMENT BE ENTERED NUNC PRO TUNC ACCORDINGLY.

Dated at Hettinger, North Dakota, this 23rd day of March, A.D., 1965.

The amended judgment, dated March 24, 1965, accordingly contained a dismissal with prejudice of Mrs. Kack's second cause of action and an allowance of costs and disbursements to Mr. Kack in the sum of 5 dollars.

Mr. Kack took his appeal in this matter on June 18, 1965. The notice of appeal reads as follows:

YOU WILL PLEASE TAKE NOTICE That the Defendant, Walter T. Kack, hereby appeals to the Supreme Court of the State of North Dakota, from the Judgment entered herein by the Court in this action on the 24th day of March, 1965, in favor of the Plaintiff and against the Defendant, hereby specifying and assigning the errors as set forth in the attached Specifications of Error which is made a part hereof by reference as though the same were set forth herein in full, said specifications setting forth the part of said Judgment appealed from and being based upon the Judgment Roll as prescribed by statute.

Attached to the notice of appeal was the following:

ASSIGNMENT AND SPECIFICATIONS OF ERROR

The above named Defendant and Appellant, Walter T. Kack, desiring to appeal to the Supreme Court of the State of North Dakota from the Judgment of the District Court in and for Stark County, North Dakota, Sixth Judicial District, made and entered in the above entitled action, on the 24th day of March, 1965, and filed in the office of the Clerk of the District Court on March 24, 1965, insofar as the same awards Judgment in favor of the Plaintiff and against the Defendant in the sum of One Thousand Eight Hundred Eighty-six and 40/100 Dollars ($1,886.40), together with costs and disbursements taxed and allowed in the sum of Twenty-three and 60/100 Dollars ($23.60), making a total Judgment in favor of said Plaintiff and as against the Defendant in the sum of One Thousand Nine Hundred Ten Dollars ($1,910.00), and the said Defendant and Appellant, desiring a review by said Supreme Court upon the following specified and assigned errors, hereby sets forth the following:

SPECIFICATIONS OF ERROR

I.

That the Court erred in making its Findings of Fact 1 and 2 as set forth in

the Findings of Fact, Conclusions of Law and Order for Judgment dated September 28, 1964, as well as in making its Conclusions of Law based thereon, to the effect that the Defendant did fail and refuse for a period of eighteen (18) months to pay the full cost of education and maintenance of the minor son of Plaintiff and Defendant, James Kack, the said Court having in its Memorandum Decision decided and determined that "Mr. Kack has provided funds for his son rather lavishly, sums in excess of his needs for education and maintenance."

## II.

That the District Court erred in making and entering its Judgment dated October 22, 1964, and Amended Judgment dated March 24, 1965, insofar as the same adjudges and decrees as follows:

"IT IS HEREBY CONSIDERED, ADJUDGED AND DECREED that the Plaintiff have Judgment against the Defendant for the sum of $1,886.40, together with costs and disbursements taxed and allowed in the sum of $23.60, making a total Judgment of $1,910.00."

## III.

That the District Court erred as a matter of law in deciding and determining in its Memorandum Decision dated August 19, 1964, that Section 14–09–14 (North Dakota Century Code) had no application to the facts recited and that the same did not bar a recovery by the Plaintiff and Respondent of sums which the Plaintiff had voluntarily advanced to the minor, James Kack, in addition to sums furnished by the Defendant and Appellant to the minor, James Kack, for his education and maintenance.

At the outset we are met with Mrs. Kack's contention that this court is without jurisdiction to consider this appeal. She bases this contention on the fact that more than six months expired between the service of the notice of the entry of the original judg-ment, which was on October 24, 1964, and the service of the notice of appeal from the amended judgment, which was on June 18, 1965.

Our statute relating to the time for appeal reads as follows:

28–27–04. Time for appeal.—An appeal from a judgment may be taken within six months after the entry thereof by default or after written notice of the entry thereof, in case the party against whom it is entered has appeared in the action, and from an order within sixty days after written notice of the same shall have been given to the party appealing. North Dakota Century Code.

Mr. Kack, however, argues that under Rule 54(b) of the North Dakota Rules of Civil Procedure there was no final judgment from which he could appeal until the judgment was amended to include an adjudication of all of the claims, and that, as the original judgment did not include an adjudication of the second cause of action, it did not include an adjudication of all of the claims.

Rule 54(b) reads as follows:

Judgment upon multiple claims or involving multiple parties. When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Mr. Kack further argues that as the trial court had not made an express determination that there was no just reason for delay and as it had not expressly directed the entry of a judgment upon less than all of the claims, the original judgment which adjudicated less than all of the claims was not appealable; and the time for appeal did not start to run until after the judgment was amended to include an adjudication of all the issues.

However, Mrs. Kack argues that as Mr. Kack is appealing only from that part of the amended judgment which is adverse to him and that this part is the same as it was in the original judgment, the time for appeal should commence running from the date of the service of the notice of the entry of the original judgment rather than from the date of the service of the notice of the entry of amended judgment, especially since the stipulation was that the judgment should be amended nunc pro tunc and as the district court so indicated in its order amending the judgment.

As technical as Mr. Kack's contentions may appear to be, they express a view that has been most recently followed by the federal courts in the interpretation of Rule 54(b) of the Federal Rules of Civil Procedure, which is nearly identical to Rule 54(b) of the North Dakota Rules of Civil Procedure.

In a 1957 decision of the United States Court of Appeals for the Ninth Circuit, in a case concerning a complaint and a counterclaim, the court said:

The crucial defect is that the judgment makes no mention of the counterclaim. There is no disposition thereof. The counterclaim is not dismissed. Relief is not denied thereon by the judgment. There is a paragraph in the conclusions of law which may refer to the subject matter of the counterclaim. It is there stated that this claim "was not within the issues of the case and the court makes no determination thereof." This expression was not, however, part of the judgment. Even if the paragraph were an integral part of the judgment, the trial court has no authority to refuse to decide a validly pleaded counterclaim to which there is an answer by such a disclaimer.

The judgment did not comply with the provisions of Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C.A. There was no judgment disposing of the counterclaim. There was no certificate or finding as required by this Rule.

*It has been lately a consistent policy of this Court to dismiss an appeal where there has not been compliance with the provisions of Rule 54(b).* It is obvious that such a dismissal might be founded upon any one of a variety of reasons. First, it might be apparent on the face of the entry that it could not be a "final order," as prescribed by the statute. If so, there would be no jurisdiction. Next, the order or judgment might be plainly interlocutory. In such case, unless it were one of the interlocutory orders from which an appeal is specially authorized, the bar of lack of jurisdiction would be absolute. On the other hand, if the certificate were omitted, through neglect or through a misunderstanding of the necessity therefor, the defect may be purely procedural in character. The correction thereof may be utterly ritualistic in nature. It may consist only of the addition of the cabalistic formula outlined in the Rule. The text and substance of the judgment may not be varied otherwise. The rights of the parties may be identical. The judgment may have been final in all respects, but the procedural requirement was not present. [Emphasis supplied.]

It results that it may be dangerous to determine at this stage whether the basis of dismissal of an appeal be jurisdictional or simply procedural. It suffices to entertain the appeal and to dismiss on the ground that there has been no compliance with the provisions of Rule 54(b). The appeal should always be dismissed, since

this provision is not only for the benefit of litigants, but for the protection of the court against multiple appeals in a single cause. We particularly now disapprove of the practice of holding such an appeal in abeyance and in effect directing the trial judge to enter a nunc pro tunc order certifying "that no just reason for delay exists." * * *

The responsibility lies upon appellant to see that the order appealed from is procedurally impervious. He must have the District Judge upon record. The certificate does not necessarily prove the order has finality, but it shows the District Judge has completed consideration of that phase of the situation. The minimum penalty for failure of appellant to assure conformity to the Rule is dismissal of the appeal.

It is impossible for this Court to know whether, upon trial of the counterclaim, the trial judge might be moved to alter the terms of the present entry. It may be the District Court will simply add the certificate and this Court, upon a new appeal, will find the judgment a finality and adjudicate the merits. In event there is a mere clerical omission, upon a new appeal the parties may apply for relief. But this appeal should be dismissed because of failure of the entry to conform to this clause of the Rule.

Island Service Company v. Perez, 255 F. 2d 559 (9th Cir.1957), at 560–562.

Even where the trial court has made an express determination that there is no just reason for delay and has expressly directed entry of final judgment under the provisions of Rule 54(b), some appellate courts have held that a judgment which adjudicates less than all the claims in an action is not appealable. One of the reasons given for this determination is that the court below has abused its discretion. Gass v. National Container Corporation, 271 F.2d 231 (7th Cir. 1959). Another court has concluded that a certificate granted pursuant to Rule 54(b) cannot attach finality to an

adjudication which does not finally dispose of a claim and that the lower court has no jurisdiction to enter a delayed certificate after the appeal has been taken. Bush v. United Benefit Fire Insurance Company, 311 F.2d 893 (5th Cir. 1963).

In 38 A.L.R.2d, in an annotation on the subject Judgment on Multiple Claims, at page 396, § 6, it is said:

It has been generally held that the time for taking an appeal from a judgment disposing of less than all the claims involved in an action does not commence to run until the trial court makes the "determination" and "direction" necessary under Rule 54(b) to make its judgment final and appealable. Republic of China v. American Express Co. (1951, CA2d NY) 190 F2d 334 (note 18); Dyer v. MacDougall (1952, CA2d NY) 201 F2d 265. See cases collected in § 7, infra.

It is interesting to note the following dissertation from § 7 [a] of the same annotation:

In some of the cases an appeal from a judgment disposing of less than all the claims involved in the action without the requisite "determination" and "direction" has been entertained after, pending appeal, an appropriate order amending the original judgment nunc pro tunc had been procured by the appellant. Kaufman & Ruderman, Inc. v. Cohn & Rosenberger (1949, CA2d NY) 177 F2d 849; Vale v. Bonnett (1951) 89 [U.S.] App DC 116, 191 F2d 334. See [Town of] Clarksville [Va.] v. United States (1952, CA4th Va) 198 F2d 238, cert den 344 US 927, 97 L ed 714, 73 S Ct 495, supra, § 3 [a], and Fanchon & Marco, Inc. v. Paramount Pictures, Inc. (1953, CA2d NY) 202 F2d 731, 36 ALR2d 1336.

Even though a summary judgment in favor of one of several defendants in a negligence action was entered by the trial court without the determination and direction specified in Rule 54(b), an appeal from the judgment was considered on the

merits, where after a hearing before the appellate court, the appellant procured an order of the trial court correcting and amending the order for summary judgment nunc pro tunc, and counsel for both parties had indorsed their consent upon the amending order. Vale v. Bonnett (1951) 89 [U.S.] App DC 116, 191 F2d 334. Pointing out that, without mentioning the issue, the same practice had been adopted in Remington Rand, Inc. v. Societe Internationale (1951) 88 [U.S.] App DC 275, 188 F2d 1011, cert den 342 US 832, 96 L ed 630, 72 S Ct 44, reh den 342 US 889, 96 L ed 667, 72 S Ct 172, the court said that while it did not consider the securing of an amending order good practice, it would nevertheless hear the appeal rather than remand and require the parties to start anew, "at least in the relatively earlier stage of the general enforcement of Rule 54(b)."

The same article continues as follows:

On the other hand, at least one of the courts of appeals has taken the position that where the trial court has not made the "determination" and "direction" required by Rule 54(b), the appeal must be dismissed, and that it is not proper to afford the district judge an opportunity to make the determination specified in the Rule while the appeal is pending, and treat the determination as made nunc pro tunc. Winsor v. Daumit (1950, CA 7th Ill) 179 F2d 475; Packard Motor Car Co. v. Gem Mfg. Co. (1950, CA 7th Ill) 187 F2d 65, cert dismd by stipulation 342 US 802, 96 L ed 607, 72 S Ct 92; Texas Eastern Transmission Corp. v. McDonald (1952, CA 7th Ill) 198 F2d 929.

In Winsor v. Daumit (1950, CA 7th Ill) 179 F2d 475, the court pointed out that in view of the fact that Rule 54(b) itself defines the power and function of the district court, orderly procedure requires a dismissal of the appeal, leaving to the discretion of the district court its further action in the premises.

It would appear to us that the trend of the decisions is that judgments which do not adjudicate all claims are unappealable unless the determination and direction required by Rule 54(b) have been made before the taking of the appeal.

Under these circumstances and with the hope of establishing a uniform practice in the application of Rule 54(b), we are constrained to hold that the time for appeal did not commence to run in the instant case until after the service of the notice of the entry of the amended judgment.

In the instant case, as an order for summary judgment of the second cause of action had been rendered before the order for judgment as to the first cause of action was rendered, Mrs. Kack's attorneys could and should have included in the judgment prepared for execution the adjudication of both claims. Having failed to do so, Mrs. Kack is in no position to object to the consequences which necessitated an amendment to incorporate an adjudication of both claims.

Having so decided, we are now faced with the arguments raised by Mr. Kack in his appeal.

Specification of error No. 1 is to the effect that the trial court erred in finding that Mr. Kack failed and refused for a period of eighteen months to pay the full cost of education and maintenance of his minor son. He bases this contention on the fact that the court said, in its memorandum decision, "Mr. Kack has provided funds for his son rather lavishly, sums in excess of his needs for education and maintenance," and that, having so found, the court could not, if it were to be consistent, find that Mr. Kack failed and refused for a period of eighteen months to pay the full cost of the son's education and maintenance.

It should be noted that this is an appeal without a transcript or a settled statement of the case and is presumably brought under § 28–27–28, N.D.C.C.

Section 28–27–07, which sets forth the record on appeal, provides as follows:

Upon appeal the record must contain:

1. From a judgment, the judgment roll, as prescribed by statute, and such other orders or papers as have been made by order of court, a part thereof, including such order. The same shall be securely fastened together in chronological order and must be duly authenticated by the clerk of the district court; or

2. From an order, the original papers used by each party on the application therefor, the reporter's minutes, if any, duly transcribed, and the evidence upon which such order is based, duly certified as correct by the trial judge. Such record shall be duly authenticated and transmitted by the clerk of the district court. \* \* \*

Subsection 2 of § 28–20–12 describes what the judgment roll should consist of in a case of this type:

In all other cases, the summons, pleadings, or copies thereof, the verdict or decision, the report, if any, the offer of the defendant, a copy of the judgment, the statement of the case, if any, and all orders and papers in any way involving the merits and necessarily affecting the judgment \* \* \*.

Mrs. Kack argues that as a memorandum decision is required to be filed by the trial court only with orders granting or refusing a new trial, under Rule 59(f), N.D.R. Civ.P., a memorandum decision is not a part of the judgment roll, as it is not within the definition set forth in § 28–20–12.

■ We need not decide here whether a memorandum decision is a part of the judgment roll, as in this case the court executed findings of fact and conclusions of law in addition to the memorandum decision; and under these circumstances the findings of fact prevail over any alleged inconsistencies in the memorandum deci-

sion. Fischer v. Fischer, 139 N.W.2d 845 (N.D.1966).

In Stone v. Los Angeles County Flood Control Dist., 81 Cal.App.2d 902, 185 P.2d 396, at 399, the District Court of Appeal of California said:

The opinion of the trial judge on the motion for a new trial appears in the transcript and is a part of the record on appeal. Rule 5(a) of Rules on Appeal, 22 Cal.2d 4. Appellants contend that the opinion contains inconsistent statements and that the trial judge inaccurately analyzed the evidence and incorrectly applied the law. We need not consider this contention. While an opinion of the judge of the trial court will aid the appellate court in ascertaining the process by which a judgment has been reached it will not be considered in determining whether or not the verdict of the jury or the findings of the court are supported by the evidence. [Citations omitted.] The order when made by the court concludes the case and it cannot be impeached by the judge's opinion. The question that concerns the reviewing court is whether or not the final decision, judgment or order is correct and not whether the reasons expressed in the opinion are in harmony with the result reached or whether they sustain the decision. [Citation omitted.]

See also: Bridgford v. Sawyer, 105 Cal. App.2d 631, 234 P.2d 95.

In Williams v. Kinsey, 74 Cal.App.2d 583, 169 P.2d 487, at 499, the same court said:

\* \* \* It is settled that inconsistencies between the written or oral opinion of a trial judge or his antecedent expressions and the findings of fact cannot be considered by an appellate court. [Citations omitted.] We do not regard subdivision (a) of Rule 5 of Rules on Appeal for the Supreme Court and District Courts of Appeal of this state, adopted by the Judicial Council and effective July 1, 1943, authorizing the inclusion of "any written

opinion of the superior court" in the record on appeal, as in any way restricting by antecedent expressions of the trial court the absolute power of the trial judge to declare his final conclusions in the only manner authorized by law, to-wit, by filing his "decision" (findings of fact and conclusions of law) as provided in section 632 of the Code of Civil Procedure. * * *

Rule 5(a) of the California Rules of Court reads as follows:

Within 10 days after filing the notice of appeal, the appellant shall serve on the respondent and file with the clerk of the superior court a notice designating the papers or records on file or lodged with the clerk, including the clerk's minutes and any written opinion of the superior court and exhibits either admitted in evidence or rejected, which he desires incorporated in the record on appeal. If in said notice the appellant shall designate any exhibit admitted in evidence or rejected, or any affidavit, he shall specify such of them as he desires copied in the clerk's transcript. The notice designating papers and records and the notice to prepare the reporter's transcript may be included in the same document, and both notices may be included in the document containing the notice of appeal. 23 Pt. 1 West's Annotated Cal. Codes, p. 121 [Rules on Appeal to California Supreme Court and District Courts of Appeal].

Although the appellate court rules of California list the opinion of the trial court as part of the record on appeal, the California courts have refused to permit the opinion to be used to impeach the trial court's findings of fact.

■ We are in accord with the view that the trial court's opinion, or memorandum decision as it is often called, may not be used to impeach the trial court's findings of fact which accompany its conclusions of law and order for judgment.

The New Mexico Supreme Court seems to agree with this view. See Mosley v. Magnolia Petroleum Co., 45 N.M. 230, 114 P.2d 740.

In the instant case the findings of fact contain no references equivalent to that contained in the memorandum decision to the effect that Mr. Kack had provided funds for his son in excess of the son's needs for education and maintenance. The findings appear to be clearly to the contrary and read as follows:

1.

That in a divorce decree entered into between the plaintiff and defendant on January 30, 1960, the defendant promised and agreed with the plaintiff to pay the entire cost of the education of said minor son James Kack, including full cost of maintenance during the minority of said son; that during such period plaintiff did provide and pay for such costs.

2.

That the defendant failed and refused to pay said payments for a period of 18 months and that the sum of $100.00 per month for room, board, laundry and other comforts is a reasonable sum; that further, the plaintiff furnished for the use of the son her automobile and that the reasonable value of the use of said automobile is 10¢ per mile for a total sum of $86.40.

■ As this appeal is from the judgment, taken on the judgment roll, and the facts are not triable anew in this court, the findings of fact are presumed to be correct, there being no facts presented on appeal contrary to the findings of fact upon which the conclusions of law and order for judgment are based.

Having so decided, we are not compelled to consider specification of error No. 1; however, we have done so and see no merit in it.

■ We are in accord with the view expressed by the trial court that pursuant to the property settlement entered into between Mr. Kack and Mrs. Kack in connection with their divorce proceeding, he agreed to pay to her the entire cost of the education of their minor son, including full cost of his maintenance during his minority.

As this was an agreement between Mr. Kack and Mrs. Kack and not an agreement between Mr. Kack and his son, and as these payments were to be in addition to other payments specified in the property settlement agreement which were to be made to Mrs. Kack, the logical inference therefrom is that the payments for the son's education and maintenance should be made to Mrs. Kack and not to the minor son, of whom Mrs. Kack had custody.

■ The next specification of error to be considered is that the trial court erred as a matter of law in determining that § 14–09–14 had no application to the facts in the instant case and that this statute did not bar a recovery by Mrs. Kack.

The pertinent part of § 14–09–14 reads as follows:

A parent is not bound to compensate the other parent or a relative for the voluntary support of his child without an agreement for compensation * * *.

We are also in accord with the trial court in this determination. Section 14–09–14 has no application in the instant case, as the parties had entered into a contract which provided that Mr. Kack was to pay the entire costs of the education and maintenance of the parties' minor son during his minority.

Having so decided these specifications of error, the last specification of error, that the district court erred in making and entering its judgment that the plaintiff have judgment against the defendant in the sum of $1,886.40, together with costs and disbursements taxed and allowed in the sum of $23.60, making a total judgment of $1,910.00, must be found to be without merit. This is especially true as this is not an appeal de novo.

For the reasons stated in this opinion, the judgment of the trial court is in all things affirmed.

TEIGEN, C. J., and KNUDSON and STRUTZ, JJ., concur.

MURRAY, J., not being a member of the Court at the time of submission of this case, did not participate.