Shirley BERG and Thomas Neidlinger, Plaintiffs and Respondents,

v.

Rosamond KREMERS and Larry Kremers, Defendants and Appellants.

Civ. No. 8442.

Supreme Court of North Dakota.

Dec. 14, 1967.

*Floyd B. Sperry,* Bismarck, for defendants and appellants.

Traynor & Traynor, Devils Lake, Warner, Ratelle & Hennessy, Minneapolis, Minn., for plaintiffs and respondents.

TEIGEN, Chief Judge.

The defendants have appealed from a judgment of partition and demand trial de novo in this court.

On the threshold of our consideration of this appeal, we are confronted with the question of whether the appeal is properly here and whether we have jurisdiction to determine it.

The action was brought for partition of a section of farmland, for an accounting of the 1965 crop, and for a division of the net proceeds after the payment of appropriate expenses.

The defendants answered and counterclaimed. In their first count, the defendants allege that the defendant Rosamond Kremers advanced money to pay the expenses of the farming operation for the years 1965 and 1966, and that the plaintiffs have refused to reimburse her for their share of such expenses. The defendants also allege that the plaintiffs are indebted to the defendant Rosamond Kremers for permanent improvements placed upon city property owned by the parties as tenants in common but have refused to pay their share. In the second count, the defendants allege that the plaintiffs and defendants are owners of three city blocks located at Hampden, North Dakota, in the same proportions as the farmland and that during the years 1965 and 1966 the defendant Rosamond Kremers incurred certain expenditures for repair and maintenance thereof which the plaintiffs have refused to pay.

The defendants, by their answer, allege that a sale should be ordered of the land, both farm and city, and the proceeds distributed in such manner as shall be found just after the accountings are settled.

The case came on for trial before the court without a jury on the sole question of whether the farmland should be partitioned in kind or sold. The issue of the plaintiffs' second claim and the defendants' two counts in their counterclaim were not tried but were reserved for trial at a later date.

After trial on the issue of whether the farmland should be partitioned in kind or sold, the trial court ordered a partition of the farmland in kind. It appointed referees who made a report to the court. The court noticed a hearing on the referees' report and thereafter entered its order confirming it. The court then executed' findings of fact, conclusions of law, and ordered judgment on partition of the farmland, but it made no adjudication of the plaintiffs' second claim or the defendants' counterclaim. Judgment of partition was entered accordingly. This is the judgment from which the appeal is taken.

The right to appeal is purely statutory. In re Edinger's Estate, N.D., 136 N.W.2d 114; Anderson v. Bothum, 77 N.D. 678, 45 N.W.2d 488. No appeal lies from a judgment that is interlocutory and not final and, consequently, this court has no jurisdiction to hear such an appeal. Anderson v. Bothum, supra.

It is clear from the pleadings and the record that multiple claims for relief are involved in this action and that only one claim was adjudicated by the judgment from which the appeal was taken.

Rule 54(b), N.D.R.Civ.P., provides:

JUDGMENT UPON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES. When multiple claims for relief or multiple parties are involved in an action, the court may direct the

 

entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Under this rule the judgment is not final but interlocutory. The trial court made no express determination that there was no just reason for delay nor did it make express direction for the entry of the judgment. Thus, under the rule, the judgment does not terminate the action as to any of the claims and is subject to revision at any time before the entry of the judgment adjudicating all of the claims and the rights and liabilities of all of the parties.

For the reasons aforesaid, the judgment of partition is not appealable. We refer to our very recent decision of Perdue v. Knudson, N.D., 154 N.W.2d 908. See also Kack v. Kack, N.D., 142 N.W.2d 754.

The rule discourages piecemeal disposal of multiple-claim litigation and permits appeals only from judgments determining all claims, except where the trial court for cogent reasons has expressly determined that there is no just reason for delay and expressly directs entry of judgment as to one or more but fewer than all the claims. The provisions of the rule are not only for the benefit of the litigants but also for the protection of the court against multiple appeals in a single action. The rule allows a certain amount of flexibility to the trial court in disposing of complicated multiple-claim litigation. It does not negate the right to appeal but whether an appeal

from a piecemeal adjudication must wait final disposition is left to the district court's discretion.

We do not express an opinion as to whether or not there is any "just reason for delay" in the determination of all the claims.

We dismiss the appeal.

CLIFFORD JANSONIUS, C. J., and STRUTZ, PAULSON and KNUDSON, JJ., concur.

ERICKSTAD, J., deeming himself disqualified, did not participate; Honorable CLIFFORD JANSONIUS, one of the judges of the Fourth Judicial District, sitting in his stead.