Simon **MITZEL**, Plaintiff and Respondent,

v.

Kasper **SCHATZ**, Defendant and Appellant.

No. 8510.

Supreme Court of North Dakota.

Dec. 10, 1968.

Nilles, Oehlert, Hansen, Selbo & Magill, Fargo, for defendant and appellant.

Vogel, Bair & Graff, Mandan, for respondent and movant.

ERICKSTAD, Judge.

By summons and complaint dated February 22, 1967, Simon Mitzel initiated an action against Kasper Schatz in which he sought to recover for personal injuries allegedly suffered in an intersectional accident which occurred on November 15, 1965, on a county road 1½ miles east of Zeeland in McIntosh County.

The complaint asserted that Mr. Mitzel's injuries were the result of the negligent operation of a motor vehicle by Mr. Schatz.

Mr. Schatz responded by answer dated March 17, 1967, and amended answer dated November 15, 1967. He admitted that a two-car accident occurred on the date and at the place alleged in the complaint but specifically denied that he was in any way negligent in the operation of his automobile. He further alleged that the accident was caused wholly by the negligence of Simon Mitzel and his son Richard. For a separate defense he alleged that on November 18, 1965, for valuable consideration Simon Mitzel released him and others from "any and all known and unknown actions, causes of action, claims, demands, damages, costs, loss of services, expenses, compensation, rights of contribution and all consequent damages on account or in any way growing out of any and all known and unknown personal injuries and property damage and death resulting or to result from an accident that occurred on or about the 15th day of November, 1965, near Zeeland, North Dakota"; and that by virtue of said release, Simon Mitzel no longer had a cause of action against him.

Mr. Mitzel anticipated this defense by including in his complaint an allegation that the release given was in settlement only of the property damage to his automobile. He further asserted: "that if the Defendant alleges, or if it is hereafter established, that any part of said settlement was for personal injuries received in said accident, the Plaintiff hereby rescinds said settlement upon the ground that said release was given by mistake in that the Plaintiff was not aware that he had suffered any serious personal injury in said accident and was specifically not aware that he had suffered brain damage as a result of said accident, and further that said release was obtained by fraud, and the Plaintiff hereby offers to restore any and all things of value received from defendant as fully and completely as if said release had never been given."

Following a hearing on a motion to sever the issue of whether the release given precluded Simon Mitzel from recovering from Mr. Schatz for his personal injuries, the court granted said motion and set that issue down for separate trial to the court without a jury. Following that trial the court concluded that the release which was executed by Mr. Mitzel on November 18, 1965, was executed under a mistake of fact in respect to the personal injuries that Mr. Mitzel had sustained as a result of the automobile accident. It held that Mr. Mitzel was entitled to have judgment rescinding the release in respect to the settlement of the personal injury claim and that the release was not a bar to the instant action for damages for personal injuries. Pursuant to the findings of fact, conclusions of law, and order for judgment dated March 5, 1968, judgment dated March 13, 1968, was entered.

By notice dated April 17, 1968, Mr. Schatz appealed. Following the service of this notice upon him, Mr. Mitzel made a motion in this court for a dismissal of the appeal on the following grounds: (1) The judgment of the district court is interlocutory in nature and does not adjudicate all of the rights and claims of the parties in the pending action; and (2) The judgment does not comply with the provisions of N. D.R.Civ.P. 54(b).

Following service of this motion upon him, Mr. Schatz moved the court ex parte, citing N.D.R.Civ.P. 60, for an order nunc pro tunc correcting the conclusions of law, order for judgment, and judgment dated March 13, 1968, to provide, pursuant to N.

D.R.Civ.P. 54(b), that there was no just reason for delay and to expressly direct the entry of judgment. The court granted this motion, and in its order of September 28, 1968, expressly determined that there was no just reason for delay and directed the entry of judgment to be effective as of the date of the original judgment. A document entitled "Judgment on Separate Trial" identical to the original judgment was thereafter executed on September 30, 1968, by the Clerk of the District Court of McIntosh County.

We note from the affidavit filed in support of the motion to sever that the motion was based primarily on N.D.R.Civ.P. 21 and 42(b). We quote the pertinent part of the affidavit:

> That this motion is based among others on Rules 21 and 42B of the North Dakota Rules of Civil Procedure in the furtherance of convenience and especially to avoid prejudice that may result from the trial of the issues raised by Paragraph II of the defendant's answer because it will involve reference to the Nodak Mutual Insurance Company, the liability insurer of the Kasper Schatz vehicle at the time the accident of November 15, 1965 occurred and that the adjuster for the Nodak Mutual Insurance Co. will of necessity have to testify on the trial of the release issue and the draft issued by the insurer will be offered in evidence and that to allow the trial of the issue involving the release along with the trial of issues on liability would be highly prejudicial to the defendant.

Rules 21 and 42(b) read:

**Rule 21. Misjoinder and Nonjoinder of Parties**

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

**Rule 42. Consolidation; Separate Trials**

\*    \*    \*    \*    \*    \*

(b) Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, and may direct a final judgment in accordance with the provisions of Rule 54(b).

North Dakota Rules of Civil Procedure.

Barron & Holtzoff contains an interesting commentary on rules 21 and 42(b):

> Rule 42(b) allows the court, in furtherance of convenience or to avoid prejudice, to order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue, or of any number of such claims or issues. This procedure should be distinguished from severance under Rule 21. Separate trials will usually result in one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently. Unfortunately this distinction, clear enough in theory, is often obscured in practice since at times the courts talk of "separate trial" and "severance" interchangeably.
>
> This rule is intended to further convenience and avoid delay, and to serve the ends of justice. Other rules liberally provide for joinder of claims, parties and actions, and Rule 42(b) is intended to counterbalance them by permitting a separate trial of issues which cannot well be tried together, or which can be conveniently and quickly determined before trial of the other issues \* \* \*. (footnotes omitted)

2B W. Barron & A. Holtzoff, Federal Practice and Procedure § 943, at 185–86 (rules ed. 1961).

In granting the motion in the instant case the trial court said: "[A]ll of the issues relative to the release raised by the pleadings are hereby severed and set down for separate trial to the court without a jury * * *."

In his brief resisting the motion Mr. Mitzel argued as one of the reasons for not granting the motion that the granting of such a motion would result in separate appeals to the Supreme Court. We quote a part of the brief filed with the trial court:

> If a separate trial were granted on the issue of the release, an appeal to the Supreme Court of North Dakota would lie before the second part of the case could be tried. Allowing the usual time for all procedural steps, it would probably be two years before the issue of liability and damages could come before the trial court. There is much wisdom in the axiom that justice delayed is justice denied and separate trials would probably lead to an unconscionably long course of litigation. The ends of justice will actually be better served by a trial within the near future of all the issues in the case.

Notwithstanding that argument, Mr. Mitzel now contends that the judgment entered on March 13 was merely interlocutory and thus in essence a nonappealable order. In support of his contention he refers us to Ontjes v. McNider, 224 Iowa 115, 275 N.W. 328 (1937).

That case was decided by the Supreme Court of Iowa before the adoption by that court or by our court of rules of civil procedure patterned on the federal rules.

Further, apparently, in support of his view that the judgment in the instant case is in effect only a nonappealable order and that nonappealable orders are reviewable on appeal from the judgment, Mr. Mitzel refers us to Nordenstrom v. Swedberg, 123 N.W.2d 285 (N.D.1963); City of Minot v. Minot Highway Center, Inc., 120 N.W.2d 597 (N.D.1963); and Burdick v. Mann, 59 N.D. 611, 231 N.W. 545 (1930).

A review of those decisions indicates that none of them involves an appeal from either an order or a judgment resulting from the separate trial of an issue in the case.

Mr. Schatz contends that the judgment of March 13 is in effect an order which involves the merits of the action or some part thereof, and that it is therefore appealable under N.D.C.C. § 28–27–02(5), which reads:

> 28–27–02. What orders reviewable.— The following orders when made by the court may be carried to the supreme court: * * *
>
> 5. An order which involves the merits of an action or some part thereof; * * *

North Dakota Century Code.

He refers the court to a decision rendered by the Supreme Court of Minnesota in 1944, holding that an order vacating a previous order approving the settlement of an infant's tort claim on the ground of mutual mistake of facts as to the nature and seriousness of the injuries is appealable. Elsen v. State Farmers Mut. Ins. Co., 217 Minn. 564, 14 N.W.2d 859 (1944).

In *Elsen* the Minnesota court quoted an earlier decision, saying:

> In State ex rel. Beede v. Funck, 211 Minn. 27, 28, 299 N.W. 684, 685, this court said: "The general rule is that 'An order granting or denying the right to revive an action is a final decision and hence reviewable' by appeal." * * *

Elsen v. State Farmers Mut. Ins. Co., supra, 14 N.W.2d 860.

The court relied for its holding upon the provisions of Minn.Stat.1941 § 605.09, Mason Stat. 1927 § 9498, subsections 3 and 7, which are almost identical to subsections 5 and 2 of N.D.C.C. § 28–27–02.

However, in light of the fact that North Dakota has adopted the North Dakota Rules of Civil Procedure, patterned on the

federal rules, since the Iowa decision of Ontjes v. McNider, supra, relied on by Mr. Mitzel, and the Minnesota decision of Elsen v. State Farmers Mut. Ins. Co., supra, relied on by Mr. Schatz, we must consider whether those rules are pertinent to the determination of the issue of the appealability of the judgment in the instant case.

■ Rule 54(a) states that a judgment includes a decree and any order from which an appeal lies. This rule superseded N.D.R.C.1943 § 28–0901, which defined a judgment as the final determination of the rights of the parties in an action. Notwithstanding that § 28–0901 was superseded and that our rules of civil procedure do not define a decree, we are convinced that only those judgments and decrees which constitute a final determination of the rights of the parties to the action and those orders enumerated in N.D.C.C. § 28–27–02 are appealable.

The right to appeal from a state district court order to the state supreme court is governed by statute (N.D.C.C. § 28–27–02); the right to appeal from federal district court decisions to the federal courts of appeals is governed by statute (28 U.S.C.A. § 1291).

Section 1291 reads:

§ 1291. Final decisions of district courts.

The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court.

28 United States Code Annotated (1966).

Although the United States Supreme Court acknowledged that appeal was governed by statute, it also recognized the pertinence of rule 54(b) in a decision in which the appealability of a judgment based on an adjudication of fewer than all the claims was considered:

The District Court *cannot,* in the exercise of its discretion, treat as "final" that which is not "final" within the meaning of § 1291. But the District Court *may,* by the exercise of its discretion in the interest of sound judicial administration, release for appeal final decisions upon one or more, but less than all, claims in multiple claims actions. The timing of such a release is, with good reason, vested by the rule primarily in the discretion of the District Court as the one most likely to be familiar with the case and with any justifiable reasons for delay. With equally good reason, any abuse of that discretion remains reviewable by the Court of Appeals.

Rule 54(b), in its original form, thus may be said to have modified the single judicial unit practice which had been developed by court decisions. The validity of that rule is no longer questioned. In fact, it was applied by this Court in Reeves v. Beardall, 316 U.S. 283, 62 S. Ct. 1085, 86 L.Ed. 1478, without its validity being questioned.

Rule 54(b), in its amended form, is a comparable exercise of the rulemaking authority of this Court. It does not supersede any statute controlling appellate jurisdiction. It scrupulously recognizes the statutory requirement of a "final decision" under § 1291 as a basic requirement for an appeal to the Court of Appeals. It merely administers that requirement in a practical manner in multiple claims actions and does so by rule instead of by judicial decision. By its negative effect, it operates to restrict in a valid manner the number of appeals in multiple claims actions.

We reach a like conclusion as to the validity of the amended rule where the District Court acts affirmatively and thus assists in properly timing the release of final decisions in multiple claims actions. *The amended rule adapts the*

*single judicial unit theory so that it better meets the current needs of judicial administration.* Just as Rule 54(b), in its original form, resulted in the release of some decisions on claims in multiple claims actions before they otherwise would have been released, so amended Rule 54(b) now makes possible the release of more of such decisions subject to judicial supervision. The amended rule preserves the historic federal policy against piecemeal appeals in many cases more effectively than did the original rule. (footnotes omitted; emphasis added)

Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 900–901, 100 L. Ed. 1297.

The Harvard Law Review in 1961 set forth the argument of the petitioners and the court's reasoning in rejecting it in *Sears* as follows:

Since section 1291 grants the courts of appeal "jurisdiction" to review only "final" decisions, and since the Supreme Court has construed the statute empowering it to promulgate the Federal Rules as conferring no authority to alter the federal court jurisdiction, it was argued that the amended version could not validly expand the class of appealable orders. The Court rejected this reasoning on the ground that rule 54(b) merely modified the "judicial unit" to which the concept of finality applied. Since the Court could have judicially construed the concept of finality in section 1291 to embrace such orders, it was proper for it to do so by rule. (footnotes omitted)

Notes, Appealability in the Federal Courts, 75 Harv.L.Rev. 351, 359 (1961).

Applying similar reasoning, since we may judicially construe the concept of finality of judgments and may judicially determine whether orders involve the merits of an action, it is proper to do so by rule.

The question arises whether rule 54(b) may be said to control the appealability of

a judgment based upon an order which directed entry of judgment upon the adjudication of one but fewer than all of the issues.

Rule 54(b) reads:

(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

North Dakota Rules of Civil Procedure.

Justice Burton, speaking for the majority in *Sears,* used language which some might contend restricts applicability of rule 54(b) to *claims* as distinguished from *issues.*

In this form, it does not relax the finality required of each decision, as an individual claim, to render it appealable, but it does provide a practical means of permitting an appeal to be taken from one or more final decisions on individual claims, in multiple claims actions, without waiting for final decisions to be rendered on *all* the claims in the case. The amended rule does not apply to a single claim action nor to a multiple claims action in which all of the claims have been finally decided. It is limited expressly to multiple claims actions in which "one or more but less than all" of the multiple

claims have been finally decided and are found otherwise to be ready for appeal.

Sears, Roebuck & Co. v. Mackey, supra, 76 S.Ct. 895, 899.

It is our view, however, that the Supreme Court in rule 54(b) intended to make no distinction between claims and issues.

Rule 42(b) permits the trial court to order a separate trial of claims and issues and also permits the court to direct a final judgment in accordance with the provisions of rule 54(b).

■ Although rule 54(b) does not mention issues but speaks merely of claims, we think that the term *claims* is used in the general sense so as to include issues. We believe this to be a reasonable construction of the rule in light of the difficulty that would be presented by having one rule for claims and another for issues, especially when they could conceivably often be indistinguishable. This we say in spite of the fact that a writer for the Minnesota Law Review apparently had no difficulty in classifying the cases involving trials of separate claims from those involving trials of separate issues. See Notes, Separate Trial of a Claim or Issue in Modern Pleading: Rule 42(b) of the Federal Rules of Civil Procedure, 39 Minn.L.Rev. 743 (1955).

The article did not cover the appealability of judgments adjudicating fewer than all claims or fewer than all issues.

■ Having decided that rule 54(b) relates to issues as well as to claims, we think it proper to apply the rule that the trial court's decision in making the determination and direction required by rule 54(b) will not be set aside unless an abuse of discretion is shown.

■ It is our view that the trial court's order in the instant case rescinding the release in respect to the settlement of the personal injury claim involves the merits of an action, so that the judgment based thereon is appealable. Accordingly, we find no abuse of the trial court's discretion in making the determination that there is no just reason for delay and the direction for the entry of judgment.

Having so held, we must now ascertain the effect of the appeal taken from the judgment of March 13, which was entered pursuant to an order that did not make the determination and direction required by rule 54(b).

In Kack v. Kack, after reviewing many federal decisions, we said:

It would appear to us that the trend of the decisions is that judgments which do not adjudicate all claims are unappealable unless the determination and direction required by Rule 54(b) have been made before the taking of the appeal.

Under these circumstances and with the hope of establishing a uniform practice in the application of Rule 54(b), we are constrained to hold that the time for appeal did not commence to run in the instant case until after the service of the notice of the entry of the amended judgment.

Kack v. Kack, 142 N.W.2d 754, 761 (N. D.1966).

In *Kack* the trial court first ordered judgment which adjudicated fewer than all the claims without making the determination and direction required by rule 54(b). After the entry of judgment upon fewer than all claims, it ordered that the judgment be amended to include an adjudication of all the claims and that it be amended nunc pro tunc. We held that in spite of the nunc pro tunc order, the time for appeal did not commence to run until after the service of the notice of the entry of the amended judgment.

■ Applying the rule in the instant case, the appeal must be dismissed as being

premature, having been taken before the determination and direction required by rule 54(b) were made.

TEIGEN, C. J., and STRUTZ, PAULSON and KNUDSON, JJ. concur.