**Elizabeth K. HARWOOD, Plaintiff and Appellant,**

v.

**William R. HARWOOD, Defendant and Appellee.**

**Civ. Nos. 9611, 9611–A.**

Supreme Court of North Dakota.

Aug. 2, 1979.

Conmy, Feste & Bossart, Fargo, for plaintiff and appellant; argued by David Bossart, Fargo.

Lamb, Schaefer & McNair, Fargo, for defendant and appellee; argued by Alice K. Olson, Fargo.

PEDERSON, Justice.

These are two appeals involving the divorce of Elizabeth and William Harwood. Elizabeth appeals from the judgment and argues that the property division is inequitable. William appeals from an order, apparently intended as a clarification of the judgment, entered eight days after Elizabeth's appeal had been filed with the clerk of the district court. Elizabeth has moved that we dismiss William's appeal.

The order that William has appealed from is, in effect, an amendment of the judgment after an appeal therefrom and, in part, relates to matters which occurred subsequent to the entry of judgment. A trial court has a continuing jurisdiction to modify, from time to time, its orders relating to "maintenance of the children" and "allowances" [§ 14–05–24, NDCC; see also, *Becker v. Becker*, 262 N.W.2d 478 (N.D.1978)]. There is a very limited exception for trial court functions relating to the appeal itself. Jurisdiction of the supreme court attaches upon the filing of the appeal and the trial court has no further jurisdiction in the matter.[1] *Orwick v. Orwick*, 152 N.W.2d 95 (N.D.1967). The

trial court order made after appeal is void for lack of jurisdiction. *In re Estate of Brudevig*, 175 N.W.2d 574 (N.D.1970); *Hermes v. Markham*, 78 N.D. 268, 49 N.W.2d 238 (1951); *Muhlhauser v. Becker*, 76 N.D. 402, 37 N.W.2d 352 (1948). Elizabeth's motion to dismiss William's appeal is granted.

Recently, in *Hultberg v. Hultberg*, 259 N.W.2d 41, 46 (N.D.1977), we said:

"The trial court's determination of the property division is a question of fact. It will not be set aside on appeal unless it is either clearly erroneous, pursuant to Rule 52(a) of the North Dakota Rules of Civil Procedure, or it is induced by an erroneous view of the law. [Citations omitted.]"

In *Mattis v. Mattis*, 274 N.W.2d 201, 205 (N.D.1979), we said:

"This court, in divorce actions, has stated a number of times that there is no requirement a property division must be equal to be equitable. [Citations omitted.]"

See also, *Bender v. Bender*, 276 N.W.2d 695 (N.D.1979).

The findings of fact made by the trial court in this case, which relate to property division, are:

"9. That the home of the parties owned jointly by them has an equity of over $40,000.

. . . . .

"11. That defendant has vested renewals as a general agent and special agent of Northwestern Mutual Insurance Company in the approximate sum of $80,000 and savings and cash value of insurance totalling another $12,000.

. . . . .

"17. The home of the parties will remain in joint tenancy and plaintiff will be required to pay the mortgage, taxes and insurance premiums on the home.

"18. Plaintiff shall pay necessary repairs on the home on any amount under

---

1. A further exception to the general rule, not applicable in this case, may be involved in stay of proceedings under Rule 62, NDRCivP. See

*United States v. El-O-Pathic Pharmacy*, 192 F.2d 62, 79 (9th Cir. 1951).

$200 and plaintiff and defendant shall divide equally payment of major necessary repairs over $200.

"19. Plaintiff shall be granted the use and occupancy of the home and until such time as the parties agree to sell same or until the youngest child reaches the age of 18, when, upon sale, the equity would be equally divided between plaintiff and defendant. Plaintiff and defendant shall share equally in all costs of sale.

.   .   .   .   .

"23. All household furniture and goods, utensils, linens and furnishings now in the home of the parties shall be awarded to the plaintiff. Plaintiff shall also receive the 1975 Rambler stationwagon and defendant shall be ordered to execute any and all documents necessary to transfer title to the plaintiff.

"24. Defendant shall be awarded his personal belongings, sporting goods and Chevrolet automobile.

"25. Both parties shall keep their individual stocks, bonds, savings and insurance policies. Documents shall be executed to carry out this provision.

.   .   .   .   .

"27. Plaintiff will be required to maintain the home in good condition."

Prior to the trial judge's adoption of the above-quoted findings of fact, he issued a memorandum decision and two addenda memorandum decisions. Elizabeth argues that it is obvious that the court was having difficulty in reaching a final conclusion and that "it may very well be that the court was confused" as to the value of vested renewals as accumulation of property.

■ In *Schmidt v. Plains Electric*, 281 N.W.2d 794 (N.D.1979), this court said:

"If there is a discrepancy between the memorandum opinion and the findings of fact the latter prevails. *Kack v. Kack*, 142 N.W.2d 754 (N.D.1966); *United States v. Cornish*, 348 F.2d 175 (9th Cir. 1965)."

The trial court's memorandum opinion or decision cannot be used by Elizabeth to impeach the trial court's findings of fact. See *Kack v. Kack*, 142 N.W.2d 754, 763 (N.D.1966).

■■ All of the trial court's findings of fact are supported by substantial evidence. A particular finding of fact is held to be clearly erroneous when, although there is some evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Bohnenkamp v. Bohnenkamp*, 253 N.W.2d 439, 443 (N.D.1977). We are not here left with a definite and firm conviction that a mistake has been made. Even though this court may have viewed the facts differently had it been the initial trier of the facts, this alone does not permit us to substitute our judgment for that of the trial court, which alone is the judge of the credibility of the witnesses and testimony presented. See *Alumni Association v. Hart Agency, Inc.*, 283 N.W.2d 119 (N.D.1979).

■ There is no claim that any of the marital assets were overlooked, but there is a significant indication from both parties that the judgment is ambiguous. Apparently the trial judge conceded that to be true when he permitted further motions and entered a further order after Elizabeth's appeal had been filed. We have hereinbefore held that those proceedings were without jurisdiction and void; however, in affirming the judgment, we remand without prejudice in order that additional steps may be taken to amend the judgment after jurisdiction is reestablished with the trial court, if that is deemed necessary. We point out, however, that a division of property decreed by the court is not subject to modification other than in the same manner and on the same grounds as other judgments. See *Nastrom v. Nastrom*, 262 N.W.2d 487, 492 (N.D.1978).

On Elizabeth's appeal, the judgment is affirmed. The motion to dismiss William's appeal is granted. Both parties will pay their own costs on the appeals.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.