JOHN F. BUECHNER v. COLUMBIA SHOE COMPANY.[1]

April 19, 1895.

No. 9091.

**Action by Father for Injuries to Child—Who may Maintain.**

Under G. S. 1894, § 5164, a father may maintain an action in his own name to recover damages for an injury to his minor child, in all cases where, at common law, such an action might be maintained in behalf of such minor. Gardner v. Kellogg, 23 Minn. 463, followed.

**Same—Complaint.**

In such action it is not necessary to expressly allege in the complaint that it is brought for the benefit of such child, when the only damages alleged or claimed therein are those sustained by the child.

Appeal by plaintiff from an order of the district court for Ramsey county, Egan, J., denying a motion for a new trial. Reversed.

*Butts & Jacques* and *Benn Davis*, for appellant.

*Thompson & Thompson*, for respondent.

START, C. J. Action by the plaintiff, in his own name, to recover for injuries to his minor son by reason of the alleged negligence of the defendant. Upon the trial the district court dismissed the action, because the complaint did not state a cause of action in favor of the plaintiff, who appeals from an order denying his motion for a new trial. "A father, or in case of his death or desertion of his family the mother, may maintain an action for the injury of the child, and the guardian for the injury of the ward." This has been a part of the statute law of Minnesota for more than 40 years. R. S. 1851, c. 70, § 34; G. S. 1866, c. 66, § 33 (G. S. 1894, § 5164). In Gardner v. Kellogg, 23 Minn. 463, the point was made that the father, in an action in his own name, could not recover damages sustained by his minor child by reason of injuries caused by the wrongful act of the defendant, but it was decided that he could by virtue of this statute. This is decisive of the case at bar, for the allegations of the complaint bring this case within the terms of this stat-

[1] Reported in 62 N. W. 817.

ute as construed in Gardner v. Kellogg. It was not necessary to allege expressly that the action was brought under the statute, and for the benefit of the child, for the complaint alleges all the necessary facts to bring the case within the terms of the statute.

The order appealed from must be reversed, and a new trial granted. So ordered.