FREDERICK W. FOOT v. GREAT NORTHERN RAILWAY COMPANY.[1]

December 6, 1900.

Nos. 12,248—(110).

## Death by Wrongful Act—Settlement of Claim by Administrator—Next of Kin.

Under G. S. 1894, § 5913, the personal representative of the deceased person may compromise and settle the claim arising under the statute with the party liable, without the consent of the next of kin or the probate court.

## Same—Time of Settlement.

Such settlement may be effected either before or after the action is brought.

Action in the district court for Ramsey county by plaintiff, as administrator de bonis non of the estate of Michael Fanning, deceased, to recover damages on account of the death of decedent. From an order, Otis, J., sustaining a demurrer to the reply, plaintiff appealed. Affirmed.

*Frederick W. Foot,* appellant, pro se.

*C. Wellington,* for respondent.

LEWIS, J.

The complaint alleges that one Michael Fanning was so injured by defendant that he died from the effects thereof; that his widow, Ellen Fanning, was appointed administratrix of his estate, but had been removed, and plaintiff appointed in her place. The action is brought to recover $5,000 for causing the death, under G. S. 1894, § 5913. The answer set up as a defense a compromise and settlement made between such administratrix and defendant, and a release of damages. To this answer plaintiff replied by alleging that Michael Fanning left surviving him Ellen Fanning, the widow, and five children, ranging from ten to twenty-four years of age; that the settlement and compromise set forth in the answer was made without the knowledge or consent on the part of the next of kin, and

[1] Reported in 84 N. W. 342.

without the consent or knowledge of the probate court, and that such settlement has never been ratified or affirmed by either the next of kin or the probate court; that said Ellen Fanning had no authority to make such settlement, and that she never made any account of the moneys so received to said court, but that she converted the same to her own personal use. To this reply defendant demurred, upon the ground that the same did not state any facts avoiding the affirmative matter set up in the answer as a defense. The demurrer was sustained, and plaintiff appeals.

It will be noticed that the reply does not attack the settlement pleaded in the answer upon the ground that it was procured through fraud or misrepresentation. The only issue raised by the reply is that the former administratrix, Ellen Fanning, had no authority to make the settlement. The demurrer, therefore, raises the question whether, under G. S. 1894, § 5913, the personal representative of the deceased person has power, without the assent of the next of kin and the probate court, to compromise a claim for damages.

The right of action given under this statute is exclusively for the benefit of the widow and next of kin, upon the theory that they have a pecuniary interest in the life of the deceased, and the object of the statute is to compensate them for such loss. If there is no widow or next of kin, no action can be maintained. Schwarz v. Judd, 28 Minn. 371, 10 N. W. 208; State v. Probate Court of Dakota Co., 51 Minn. 241, 53 N. W. 463. A release given for a valuable consideration by the person entitled to such benefit is a bar to a subsequent action brought by the personal representative of the deceased. Sykora v. Case T. M. Co., 59 Minn. 130, 60 N. W. 1008. In the opinion in the Sykora case it is stated that the personal representative is a mere trustee for the parties interested, and that the provision of the statute which requires the action to be brought in the name of the personal representative is designed for the benefit of the defendant by making it certain that the party receiving the money is authorized to do so, and thus protect the defendant from the danger of having to pay it twice. But simply because the defendant may settle with the real party benefited, and thus cut off a subsequent action by the personal representative (Sykora case, supra), it does

not follow that, if the personal representative had first commenced the action, the defendant could then avoid it by a subsequent settlement with the party in interest. Neither does it follow that no compromise or settlement could be made by the trustee, either before or after commencing the action.

If the personal representative is the trustee of the parties to be benefited, for the purpose of commencing the suit, it must follow that he is their trustee for all purposes in connection with the action. Upon him devolves the responsibility of selecting counsel, collecting evidence, and incurring the expenses of a trial. Some one must determine the advisability of accepting a verdict as final, either because adverse or inadequate. Again, for the same reason, if the nature of the evidence attainable and the circumstances of the case should lead the personal representative to the conclusion that the chances of recovery would be slight, and that a compromise would be desirable without commencing the action, he has the same authority to effect a settlement before as after actually serving the summons. The statute contemplates that the entire matter of enforcing the claim and of collecting the money shall be in the personal representative, not only for the protection of the defendant, but also in order that there may be a responsible party to take charge of the interests of those to be benefited. The law assumes that the court will appoint a trustee who is suitable for the purpose. If experience shows that incompetent persons are often selected, and that they are liable to be imposed upon in the way of being drawn into unwarranted compromises, it is a subject which properly commands the attention of the legislature. As the statute stands, its meaning is clear, and there is no call for a consideration of the common law upon the question. The following cases may be considered as bearing on the subject: Natchez v. Mullins, 67 Miss. 672, 7 South. 542; Holder v. Railroad, 92 Tenn. 141, 20 S. W. 537; Parker v. Providence, 17 R. I. 376, 22 Atl. 284, 23 Atl. 102.

Order affirmed.