CHARLES JOHNSON v. MINNEAPOLIS & ST. LOUIS RAILROAD COM-
PANY.[1]

June 28, 1907.

Nos. 15,141—(125).

**Compromise of Action—Construction of Writing.**

> A father, mother, and minor son were injured in a collision on appel-
> lant's railroad. Suits for damages were commenced by the father and
> mother, and before trial a settlement was made. *Held*, it does not con-
> clusively appear from the writings constituting the settlement that the
> son's personal claim for damages was included therein. The writings
> were ambiguous, and the evidence sustains the finding of the jury that
> such settlement was not included.

Action in the district court for Ramsey county by plaintiff in behalf
of Walter Johnson, an infant, to recover $7,000 for personal injuries.
The case was tried before Bunn, J., and a jury, which rendered a
verdict in favor of plaintiff for $3,721. From an order denying a mo-
tion for judgment notwithstanding the verdict or for a new trial, de-
fendant appealed. Affirmed.

*John I. Dille, Eugene Bryan,* and *George W. Seevers,* for appellant.
*John A. Burns* and *T. J. Doyle,* for respondent.

LEWIS, J.

Respondent, Charles Johnson, his wife, Mari Johnson, and their
son, Walter, were injured in an accident occurring on appellant's rail-
road June 12, 1904. September 27, 1904, a settlement was made by
respondent and his wife for $2,000, and a voucher, including receipt
and draft, was issued as follows:

Cash No. 6,211.

The Minneapolis & St. Louis Railroad Company

Audit No. 54,815 Dr.

To Alfred C. Johnson and his wife Mari Johnson,
Address: 221 E. Eighth St., St. Paul, Minn.

Date voucher made: Sept. 27th, 1904.

For amount agreed upon and paid in full settlement and
satisfaction of any and all claims or demands accrued or ac-

[1]Reported in 112 N. W. 534.

cruing against The Minneapolis & St. Louis Railroad Company, by reason of personal injuries of any and every character received by the said Alfred C. Johnson and his wife, the said Mari Johnson, and their son, aged about four years, while passengers upon an excursion train of said company in wreck caused by collision with passenger train of the Northern Pacific Ry. at Minneapolis, Minn., June 12th, 1904, and in full settlement of any and all claims of every kind or nature in any way arising or growing out of said accident or injuries, and in full settlement of suits now pending in district court of Ramsey county, Minn., and in full settlement of any and all claims to date, $2,-000.00.

This voucher must be signed by the party receiving the money in the presence of two witnesses who will also sign their names hereto.

Witnesses:

        M. J. Clark.

        H. H. Hall.

This voucher, when properly receipted becomes a sight draft on the Minneapolis & St. Louis R. R. Co. payable at the Security Bank of Minnesota, Minneapolis, Minn.

                            Jos. Gaskell, Asst. Treas.

As per Contract No. ———.

Correct:          Audited:          Approved:

  Albert E. Clarke.      L. S. Scott,        L. F. Day,

                   Auditor.        Vice Pres. and

                                    Gen'l Manager.

Received of the Minneapolis & St. Louis Railroad Company two thousand and no/100 dollars. In full of above account.

Dated St. Paul, Minn., Sept. 29th, 1904.

                            Alfred C. Johnson.

                            Mari Johnson.

Thereafter this action was commenced by the father on behalf of the son to recover damages for injuries received, and appellant pleaded as a defense thereto that the action was settled in connection with the other claims, and that the voucher above stated was executed in full

settlement, payment, satisfaction, and discharge of any claim of damages on the part of the son.

The court instructed the jury as to the nature of the three claims existing at the time settlement was made, viz., one on behalf of the father for his personal injuries, which also included his claim for expenses, medicines, and doctor bills on account of his son's injuries and loss of his services; second, the claim existing on behalf of the mother for her injuries; and, third, the claim on the part of the son for his personal injuries. The court instructed the jury as a matter of law that the settlement included all claims for damages on the part of the father and mother, that the father had a right, if he saw fit, to compromise and settle the claim for injuries to his son, but submitted to the jury as a question of fact whether such settlement was made in connection with the settlement of the other claims, and instructed that the burden rested upon appellant to sustain that fact. The following special question was submitted to the jury: "Did the father settle with defendant the boy's claim?" The jury answered, "No," and returned a verdict for respondent in the sum of $3,721.

If it appears upon the face of the voucher and accompanying receipt that the claim for damages arising to the son personally was included in the settlement, then appellant was entitled to judgment notwithstanding the verdict.

Under section 5164, G. S. 1894, a father may maintain an action in his own name to recover damages for injuries to a minor child in all cases where at common law such an action might be maintained on behalf of such minor. Gardner v. Kellogg, 23 Minn. 463; Buechner v. Columbia Shoe Co., 60 Minn. 477, 62 N. W. 817. This action was commenced by the father under the statute, and it would seem to follow that he had a right to effect a settlement of the son's claim without litigation. Foot v. Great Northern Ry. Co., 81 Minn. 493, 84 N. W. 342, 52 L. R. A. 354, 83 Am. St. 395, although brought under section 5913, G. S. 1894, is authority on that question. Therefore the court was correct in instructing the jury that the father had the right to make settlement of his son's claim. The voucher was addressed to Alfred C. Johnson, and his wife, Mari Johnson, and, while reference is made to the injuries of the son, it is not specifically set forth that the settlement included the personal claim of the son for damages on

account of his own injuries. Actions by the father and mother were pending, but at that time no suit had been begun on behalf of the son. The receipt is not signed on behalf of the son, and if it was intended to include in the $2,000 any amount to cover the personal claim of the son, it was not separated nor specified, so there is some doubt whether the reference in the voucher to the personal injuries of every kind received by the father, mother, and son refer to the son's personal claim of damages, or to the damages of the father for expense or loss of services of the son. We agree with the trial court that, upon their face, the writings are at least ambiguous, and that it was an open question, to be determined from the evidence, including the writings, whether or not it was the intention of the parties to settle the present cause of action at that time.

Mr. Johnson testified that he had never authorized any person to settle the claim of his son, and that he had signed the voucher without question after it was read to him by Mr. Clark, one of the attorneys for respondent. Mr. Clark testified that he did not discuss with the representatives of the railroad company any settlement of the son's claim; that Mr. and Mrs. Johnson never authorized him to do so; that he did not make any demand on behalf of the boy at the time of the settlement, as he did not understand that the child had any serious injuries and that he had any case against the company. There may be other evidence bearing upon the question, but our attention has not been called to it. Settlement was pleaded as a special defense, and the burden was upon appellant to prove it. Consequently it was proper to receive evidence on behalf of respondent in rebuttal upon this proposition. The writings referred to did not make out a prima facie case that the settlement included the present cause of action. The court fairly submitted the question to the jury, the evidence supports the findings, and we find no errors in the charge or rulings.

Order affirmed.