### PASQUELA PICCIANO v. DULUTH, MISSABE & NORTHERN RAILWAY COMPANY.[1]

July 19, 1907.

Nos. 15,135—(58).

**Parent's Settlement of Claim of Child—Control of Court.**

Conceding that under sections 4060 and 4503, R. L. 1905, settlement of causes of action effected by the parties without the approval of the court are not void for that reason, the settlement of a minor's cause of action and claim for damages for personal injuries by his parent, without advice of counsel and without the direction of the court, is subject to review by the court upon being informed of the nature of the settlement. The relation of the parent to the minor in such cases is that of trustee and ward, and the court does not lose jurisdiction by the mere entry of a formal order directing the entry of judgment of dismissal of the action.

**Same—Vacating Settlement.**

In this case, upon being informed of its nature and the manner in which the settlement was conducted, the court was justified in setting aside its former order and the stipulation for settlement, and in reinstating the case upon the calendar.

**Appealable Order.**

The order was appealable, for the reason that it determined the strict legal rights of the parties.

Pursuant to stipulation signed by plaintiff in person and the vice president of defendant company, an order of dismissal of an action then pending in the district court for St. Louis county for the recovery of $30,000 for the use and benefit of plaintiff's minor son for personal injuries suffered by the minor, was signed by one of the judges thereof.  Pursuant to such order, judgment of dismissal without

[1]Reported in 112 N. W. 885.

costs to either party was entered on August 22, 1906. Thereafter on September 6, 1906, plaintiff, by his attorneys, moved for an order requiring defendant to show cause why the stipulation for dismissal, order for judgment, the judgment, and an order entered September 5 striking said cause from the court calendar should not each and all be set aside and vacated and the cause reinstated upon the calendar. From an order, Cant, J., vacating the stipulation, order for judgment, judgment and order striking the cause from the calendar; defendant appealed. Affirmed.

*Baldwin, Baldwin & Dancer,* for appellant.
*Davis & Hollister,* for respondent.

LEWIS, J.

This action was brought under the provisions of section 4060, R. L. 1905, for personal injuries sustained by respondent's minor son, claimed to have been due to the negligent act of appellant. After answer had been served, respondent and appellant agreed on terms of settlement of the claim involved in the action, and respondent signed a stipulation of settlement and dismissal. Judgment of dismissal was thereupon duly entered upon the order of the court and the cause stricken from the calendar. A motion was then made by the attorneys for respondent to set aside the stipulation, the order for judgment, the judgment of dismissal, and the order striking the case from the calendar, and to reinstate the same upon the calendar. The motion was granted in each instance, and appeal was taken therefrom. The order is appealable, for the reason that it determines the strict legal rights of the parties, having put an end to the action and prevented the entry of a judgment from which an appeal might be taken. Plano Mnfg. Co. v. Kaufert, 86 Minn. 13, 89 N. W. 1124, and cases therein cited.

The complaint charged that the son, John Picciano, was seriously injured by the discharge of a torpedo which had been negligently left in the car of appellant to which the boy had access, and this action was commenced May 1, 1906, to recover for damages for the injuries sustained. After the cause was at issue, and on July 12 following, respondent settled the case and entered into a written stipulation as follows:

It is hereby stipulated and agreed by and between the parties to the above-entitled action, the same being an action brought by said plaintiff, in his capacity as father and guardian of his minor son, John Picciano, for injuries sustained by said minor son, be and the same is hereby settled and dismissed without costs to either party, and the clerk of said court is hereby authorized and directed to enter such dismissal of record.

The stipulation was signed by respondent and the vice president of appellant, and was filed in the office of the clerk of the district court August 14, 1906. August 22 one of the judges of the district court signed an order as follows: "Pursuant to a stipulation of dismissal filed with the clerk of the district court in the above-entitled action, on the 14th day of August, 1906, it is hereby ordered that said action be dismissed, and the said clerk is directed to enter judgment in accordance therewith." Judgment of dismissal was accordingly entered August 22.

The motion to vacate the order of dismissal, judgment, etc., came on before the same judge who issued the order for judgment, and it appears from the affidavit of respondent's attorneys that the settlement and stipulation was without a consultation with or knowledge of the attorneys of respondent; that respondent received $100 in settlement of his personal cause of action for loss of his son's services, and received $175 in settlement of the son's claim for damages; that, upon ascertaining that such settlement had been made, one of the attorneys called on respondent's wife, and mother of the minor child, and was informed that respondent had taken all of the money, and paid $25 to some one who assisted in making the settlement, and had gone away with the rest of the money, not giving the family any part of it; and that the settlement was made in opposition to the desires of the mother and son. It is stated in the affidavits presented on behalf of appellant that respondent made the overtures for settlement; that appellant had been advised by counsel there was no cause of action against it; and that they had finally consented to make the settlement and pay the sum stated for the sake of avoiding annoyance and a lawsuit, and not for the purpose of settling a bona fide claim. There was also filed an affidavit by a third party, who stated that he had acted as interpreter for

respondent, and that settlement was freely and understandingly entered into by respondent.

This court has several times held that in actions brought by a parent in his own name, under the section referred to, for injuries to a minor child, the amount recovered belongs to the child, and that the father simply holds it in trust for him. Gardner v. Kellogg, 23 Minn. 463; Buechner v. Columbia Shoe Co., 60 Minn. 477, 62 N. W. 817; Lathrop v. Schutte, 61 Minn. 196, 63 N. W. 493; Hess v. Adamant Mnfg. Co., 66 Minn. 79, 68 N. W. 774. In the last-named case the constitutionality of the statute was raised, and it was sustained upon the ground that the money belonged to the child, and not to the parent.

In the case of Foot v. Great Northern Ry. Co., 81 Minn. 493, 84 N. W. 342, 52 L. R. A. 354, 83 Am. St. 395, an action was brought under section 5913, G. S. 1894, by an administrator to recover damages for the death of decedent on account of negligence, and the answer stated that a compromise and settlement had been effected between the railroad company and the former administratrix of the estate. The reply alleged that the settlement was made without the knowledge or consent of the next of kin, and without the knowledge of the probate court; that it was never ratified or confirmed; that the widow never had any authority to make the settlement, and never accounted for the money received. In sustaining the demurrer to the reply the court stated that the entire matter of enforcing the claim and of collecting the money was by statute placed in the personal representative, and that the law assumed the court would appoint a trustee suitable for the purpose. In that case the settlement was not attacked upon the ground that it had been procured through fraud or misrepresentation, nor were any steps taken to set it aside. The action was based wholly upon the ground that the second administrator had a right to maintain the action simply because the next of kin and the probate court had not approved or confirmed the settlement made by a former administratrix.

In the recent case of Johnson v. Minneapolis & St. Louis Ry. Co., 101 Minn. 396, 112 N. W. 534, we had under consideration whether or not a certain agreement of settlement entered into between a father and mother and the railroad company embraced also a settlement on the part of their minor son, and it was assumed that the parent had the

right to make such settlement; but it was held that it did not conclusively appear that the contract of settlement included the claim of the minor.

It may be conceded that, under the provisions of section 5913, G. S. , 1894, settlements of such claims by an administrator are not necessarily void simply because not approved or confirmed by the court. No reason occurs to us why, in actions pending under the provisions of section 4060, R. L. 1905, settlements entered into in good faith by the parent on behalf of the minor are necessarily void, although not confirmed by the court. In this respect there appears to be no valid distinction between the two provisions of the statute.

But a somewhat different question is presented in the case before us. A trusteeship having been created by the statute, the court retains jurisdiction of the matter and of the trustee, and its dealings with the ward may be reviewed at any time, when required for the protection of the ward. The court may always, for good cause, review its orders. The judgment of dismissal was entered on the bare stipulation by order of the judge, without any knowledge of or investigation of the facts. It was made by the parent, without any consultation with or advice of counsel. At the earliest opportunity after being made acquainted with the facts, counsel for the child, although in the name of the parent, applied to the court for relief to set it aside upon the ground that it was inadvertently made. The court, upon being advised of the nature of the settlement and the manner in which it had been entered into, reviewed its former action. Under those circumstances the court had not lost jurisdiction. We assume that appellant's representatives proceeded in good faith, in the belief that it was justified in effecting a settlement in the manner shown for the purpose of avoiding a vexatious lawsuit. But the views of appellant and its counsel as to the validity of the boy's claim were not controlling. It cannot be assumed that the minor's interests were fairly represented; his counsel and the court having been ignored. Negotiations and contracts brought about in such a manner are open to close inspection, and in this case the court was fully justified in canceling its former order and reinstating the case.

Affirmed.