## HERBERT ERNST v. EDWARD DAILY.[1]

March 25, 1938.

No. 31,538.

*George A. French, Faner C. Wonderly,* and *A. C. Johnston,* for appellant.

*Sexton, Mordaunt, Kennedy & Carroll,* for respondent.

LORING, JUSTICE.

This case comes here upon appeal from a judgment for defendant entered upon the pleadings after a motion had been granted to

[1]Reported in 278 N. W. 516.

strike out the second and third paragraphs of the plaintiff's reply to the defendant's answer.

Suit was brought to recover for personal injuries received by the minor in an automobile collision on June 26, 1936. After the accident the minor's father agreed with the defendant upon a settlement for the sum of $500, of which $400 went to the father for expenses and loss of services and $100 went to the minor. The settlement was accomplished by the father applying to the district court in a petition entitled: "Petition For Appointment of Guardian ad litem." The body of the petition set forth facts justifying the appointment of a guardian *ad litem,* but the prayer of the petition was for the appointment of a "guardian of the person and estate" of the minor. The district court appointed the father as guardian of the "person and estate." Thereupon, upon the same day, the father petitioned the same court, setting forth the minor's claim against the defendant herein and asking for authority to compromise the same on the basis above set forth, and the district court made an order granting the authority asked for. Subsequently, Emil Ernst was appointed general guardian of the person and estate of the minor and brought this suit. The defendant answered, setting up the compromise approved by the court, and the plaintiff replied denying all of the allegations of the defendant's answer except insofar as they admitted the allegations of the plaintiff's complaint. Paragraphs two and three of the reply alleged that the release was secured by fraud and mutual mistake. Thereupon the defendant moved to strike out paragraphs two and three on the ground that they were frivolous, irrelevant, and immaterial and for judgment on the pleadings.

The plaintiff contends that the district court could not constitutionally exercise its jurisdiction to approve a settlement made in behalf of a minor by his father who has not brought suit under the provisions of 2 Mason Minn. St. 1927, § 9172. This court has held that the section referred to constitutes the parent a statutory trustee and that the district court has jurisdiction to approve a settlement of this kind although no suit has actually been begun. Foot v. G. N. Ry. Co. 81 Minn. 493, 84 N. W. 342, 52 L. R. A. 354,

83 A. S. R. 395; Johnson v. M. & St. L. R. Co. 101 Minn. 396-398, 112 N. W. 534; Hannula v. Duluth & I. R. R. Co. 130 Minn. 3, 153 N. W. 250. The constitutionality of the section as against the due process clause of the constitution has been sustained. Hess v. Adamant Mfg. Co. 66 Minn. 79, 81, 68 N. W. 774; Lathrop v. Schutte, 61 Minn. 196, 63 N. W. 493. As said in In re Estate of Peterson, 198 Minn. 45, 49, 268 N. W. 707, following Comstock v. Matthews, 55 Minn. 111, 56 N. W. 583, the constitution in committing to probate courts jurisdiction over the estates of deceased persons and those under guardianship did so without defining its extent and left the limitations thereon to be fixed by statute within the general powers named. Such being the case, we see no infringement of the probate court's constitutional jurisdiction by the creation of a trust in favor of a minor who has no general guardian. Jurisdiction to try and determine controversies between estates or persons under guardianship and third persons has never been considered exclusively within the jurisdiction of the probate court. Comstock v. Matthews, 55 Minn. 111, 56 N. W. 583. Therefore, if the statute might create the trusteeship for the purpose of bringing and disposing of the action, it might confer upon the district court the power to approve a settlement of the cause of action which that court alone had the power to entertain. This court in the Hannula case reaffirmed the authority of the district court to approve a settlement where a suit had not been commenced by the father, and any suggestion to the contrary contained in Picciano v. Duluth M. & N. Ry. Co. 102 Minn. 21, 112 N. W. 885, which may have clouded our previous holding was cleared up.

The irregular guardianship proceedings may be entirely disregarded. The petition for approving the settlement made in behalf of the minor plaintiff by his father should be treated as an application by the father under the provisions of § 9172. The court having jurisdiction, its action in approving the settlement cannot be attacked collaterally. In re Trusteeship under Will of Melgaard, 200 Minn. 493, 274 N. W. 641.

The judgment of the trial court is affirmed.