**Sharon R. MURPHY, mother and natural guardian of T.R., a minor, Appellant,**

v.

**John BERGO, et al., Michael Reginek, father, natural guardian and custodian of T.R., Respondents.**

**No. C8–86–1409.**

Court of Appeals of Minnesota.

Feb. 10, 1987.

Donald Lamm, Henretta, Lamm & Cross, Minnetonka, for appellant.

Robert D. Brownson, Lasley, Gaughan, Stich & Angell, Minneapolis, for John Bergo, et al.

Harry E. Burns, II, Burns, Burns & Zupanc, St. Cloud, for Michael Reginek, father, natural guardian and custodian of T.R.

Considered and decided by CRIPPEN, P.J., and LANSING and NIERENGARTEN, JJ.

## OPINION

LANSING, Judge.

This appeal involves the disposition of two lawsuits brought by divorced parents for the same dog bite injury to their daughter. The mother, who was a joint custodian of the child at the time of the injury, sued the dog's owner. The dog's owner moved to join the father as an indispensable party because he paid medical expenses related to the dog bite. The mother joined in the motion. Before the motion was heard, the parents' custodial arrangement changed, and the father became the sole legal and physical custodian. He brought a separate action on behalf of the child and himself and moved to dismiss the action brought by the mother. The court dismissed the mother's action and she appeals from the resulting judgment. We affirm.

## FACTS

Sharon Murphy and Michael Reginek are the divorced parents of Tara Reginek. On August 19, 1984, Tara was bitten by a dog owned by John Bergos. In March 1985 Murphy, who was the joint custodian of Tara, sued for injuries resulting from the dog bite. After interrogatories and depositions, Bergos brought a motion to join Reginek as an indispensable party because of medical expenses Reginek paid. Murphy joined this motion.

Reginek became the sole physical and legal custodian of Tara in November 1985. On February 20, 1986, Reginek brought a separate lawsuit on behalf of Tara and himself for the same injury. He then brought a motion to dismiss the previous action brought by Murphy.

The court heard the motions in both lawsuits and issued an order and memorandum granting Reginek's motion to dismiss. The trial court's memorandum stated:

An action for Tara's injuries involves the child's upbringing and health care and has an effect on the routine daily care and control of the child. Because Michael Reginek has legal and physical custody of Tara, he is in the most suitable position to maintain the action for Tara's injuries. * * * Since Michael Reginek has an individual action for damages and because he may be an indispensable party in the Murphy action, it is in the interests of judicial efficiency that Reginek bring the action for Tara in conjunction with his own damage suit against defendants rather than Murphy maintaining an action for Tara's injuries in a separate action or as a separate party in Reginek's action.

## ISSUE

Did the trial court abuse its discretion by dismissing the lawsuit brought by Murphy on behalf of Tara?

## ANALYSIS

The determination of whether to dismiss a lawsuit is within the discretion of the trial court. *Scherer v. Hanson*, 270

N.W.2d 23, 24 (Minn.1978). The Minnesota Rules of Civil Procedure provide for involuntary dismissal. Minn.R.Civ.P. 41.02(1) states:

> The court may on its own motion, or upon motion of a party, and upon such notice as it may prescribe, dismiss an action or claim for failure to prosecute or to comply with these rules or any order of the court.

Minn.Stat. § 540.08 (1984) allows either parent to maintain an action for injury to a minor child. While either parent may bring an action, if both do, this statute must be read together with Minn.Stat. § 518.003 (1984), which defines custody. Reginek, as sole legal custodian, has the right to determine Tara's upbringing, including her education, health care, and religious training from the date he was awarded legal custody. Minn.Stat. § 518.003, subd. 3(a). As physical custodian, Reginek also determines her routine daily care, control, and residence. Minn.Stat. § 518.003, subd. 3(c). He also has a separate interest in the action because he paid Tara's medical bills.

Whether or not to bring or maintain a lawsuit on behalf of a minor child is a significant decision that can affect the child's life. By awarding Reginek legal and physical custody of Tara, the family court has determined that he is the parent who should make the important decisions for her welfare. Reginek's decision to bring an action himself on behalf of Tara and request dismissal of Murphy's action was within his rights as legal and physical custodian. The granting of the order to dismiss was within the discretion of the trial court. See generally *Picciano v. Duluth, Missabe & Northern Railway Co.,* 102 Minn. 21, 112 N.W. 885 (1907) (court set aside dismissal of minor's personal injury suit because the father settled the suit against the mother's and son's wishes. The suit was reinstated on their behalf).

Because Murphy had joint custody when the suit was initially brought, it was proper for her to bring the action. The attorney representing her incurred costs and fees.

We believe that, under the facts of this case, a fair resolution must take into account the work of the first attorney. If a recovery is obtained, the attorney's fees must be fairly divided between the attorneys for Reginek and Murphy. In approving any settlement on behalf of the minor or allowing any attorney's fees, the trial court should fairly divide the fee between the attorneys and also assure that Tara's settlement is not diminished by this division. *See* Minn.Stat. § 540.08 (1984).

### DECISION

Reginek, who has legal and physical custody of Tara, is the proper person to maintain a lawsuit on her behalf. The trial court was within its discretion in dismissing the action brought by Murphy upon motion of Reginek after he was awarded custody.

Affirmed.