Mary Lou VAN SLOOTEN,
Respondent,

v.

ESTATE OF Linda Kay SCHNEIDER–
JANZEN and Daniel Janzen, as per-
sonal representative, Appellants.

No. C6–00–1268.

Court of Appeals of Minnesota.

March 6, 2001.

Thomas M. Fafinski, Peter L. Crema, Fafinski, Wallrich & Roos, Minneapolis, MN, (for respondent).

James P. Ashley, Edina, MN, (for appellants).

Considered and decided by
SHUMAKER, Presiding Judge,
HANSON, Judge, and FOLEY, Judge.*

**OPINION**

SHUMAKER, Judge

Respondent attempted to commence a personal injury action against the driver-owner of an automobile but learned that

---

* Retired judge of the Minnesota Court of Appeals, serving as by appointment pursuant to

Minn. Const. art. VI, § 10.

she had died. Respondent amended her pleadings to name as defendants the decedent's estate and decedent's husband, as personal representative. No personal representative was ever appointed. Appellants moved to dismiss the action for insufficiency of service of process. The district court ruled that decedent's husband had actual notice of the claim and that the action, although improperly commenced, could be maintained against decedent's estate. Because such an action is maintainable only against the personal representative of the decedent's estate, the district court erred in denying appellants' motion to dismiss.

## FACTS

On September 7, 1993, Linda Kay Schneider–Janzen was driving an automobile, of which she was sole owner, when it collided with an automobile driven by respondent Mary Lou Van Slooten. Both drivers were injured.

Schneider–Janzen and her husband, appellant Daniel Janzen, sued Van Slooten for damages resulting from the collision. Van Slooten did not counterclaim. After trial, the jury returned its special verdict finding Schneider–Janzen totally at fault for the accident.

Schneider–Janzen died on October 22, 1998. There was no probate of her estate and no personal representative was ever appointed.

On August 23, 1999, a Hennepin County deputy sheriff delivered to Daniel Janzen at his home a copy of a summons and complaint in a lawsuit brought by Van Slooten against Schneider–Janzen, asserting a claim for damages from the automobile accident of September 7, 1993. Daniel Janzen told the deputy that Schneider–Janzen had died, and the deputy noted on the certificate of service, "Linda Died Oct 22, 1998."

The six-year statute of limitations for bringing negligence claims expired on September 7, 1999.

Van Slooten served Daniel Janzen with an amended summons and complaint on November 22, 1999, naming as defendants the estate of Schneider–Janzen and Daniel Janzen as personal representative. Neither Janzen nor anyone else had been appointed as personal representative of the estate.

Janzen answered and asserted defenses of insufficiency of service of process and statute of limitations. He then moved to dismiss the action under Minn. R. Civ. P. 12.02(d) for insufficiency of service of process. The district court denied the motion on the ground that, even though the lawsuit had not been properly commenced, Janzen had actual notice of the action. Janzen appeals.

## ISSUES

1. Is an order denying a Minn. R. Civ. P. 12.02(d) motion to dismiss for insufficiency of service of process reviewable?

2. When a person who is liable for a personal injury dies before a lawsuit is commenced, and no personal representative of the decedent's estate has been appointed, is a lawsuit effectively commenced by merely naming the decedent's spouse as personal representative in the summons and complaint and then serving the decedent's spouse?

3. Does the relation-back doctrine apply when the proper defendant has never been served with a summons?

## ANALYSIS

█ Van Slooten suggests that this is an appeal from a denial of a summary judgment motion and as such is not ripe for review. It is clear from the order of June 21, 2000, that the district court denied Janzen's Rule 12 dismissal motion. Such order is appealable and is ripe for review. *Hunt v. Nevada State Bank,* 285 Minn. 77, 88–89, 172 N.W.2d 292, 299–300 (1969).

█ The application of court rules and the determination of the sufficiency of ser-

vice of process are questions of law that we review de novo. *See Stoebe v. Merastar Ins. Co.*, 554 N.W.2d 733, 735 (Minn. 1996) (examining rule of civil procedure under de novo standard); *McBride v. Bitner*, 310 N.W.2d 558, 561–63 (Minn.1981) (examining the propriety of service of process under a de novo standard).

■ In Minnesota, a civil action is commenced against a defendant by serving a summons on that defendant. Minn. R. Civ. P. 3.01. If the defendant dies prior to the commencement of the lawsuit, the claim against the deceased individual abates. *Zahler v. Manning*, 295 N.W.2d 511, 512 n. 2 (Minn.1980). By virtue of the survivorship statute, a claim against a decedent may be brought against the personal representative of the decedent's estate. Minn.Stat. § 573 .01 (1998); *see also* Minn. Stat. § 524.3–104 (1998) (no proceeding to enforce a claim against an estate may be commenced before the appointment of a personal representative). A personal representative is someone who is qualified to serve in that capacity, is appointed by the court, and accepts the appointment. *See* Minn.Stat. § 524.3–601 (1998) (before receiving letters, the personal representative must qualify with the appointing court); Minn.Stat. § 524.3–602 (1998) (by accepting appointment, a personal representative submits to the jurisdiction of the court for any proceeding relating to the estate).

Having the capacity to be sued, the personal representative becomes the proper defendant for claims against a decedent's estate:

> The claimant may commence a proceeding against the personal representative in any court where the personal representative may be subjected to jurisdiction, to obtain payment of the claim against the estate * * *.

Minn.Stat. § 524.3–804(2) (1998).

■ As the supreme court said in *Wood v. Martin*, 328 N.W.2d 723, 725 (Minn. 1983): "A cause of action does not exist in the abstract; it exists against somebody."

Here, that "somebody" is Schneider–Janzen during her lifetime and her duly-appointed personal representative after her death. Like the plaintiff in *Wood*, Van Slooten has sued neither person and therefore she never commenced an action that could reach Schneider–Janzen's estate. The district court did not err in holding that the action had not been properly commenced.

But the district court erred in holding that an action may be maintained because Daniel Janzen had actual notice of the claim. Janzen personally had no responsibility for the occurrence. Nor was he an owner of his wife's automobile so as to subject him to vicarious liability. He is not the personal representative of his wife's estate and there is no evidence to suggest that he would qualify for or even accept such appointment. We are aware of no law that makes him a presumptive personal representative for purposes of bringing a claim against the estate. Notice to Janzen of a claim against his deceased wife's estate is of no legal significance. Service of process on Janzen was insufficient to commence an action against the estate of Schneider–Janzen and the district court erred by failing to grant Janzen's motion to dismiss the lawsuit.

■ Finally, Van Slooten argues that the amended summons and complaint relate back to the original summons and complaint, which were served before the expiration of the statute of limitations. The flaw in Van Slooten's argument is that the relation-back doctrine under Minn. R. Civ. P. 15.03 does not allow the creation of a lawsuit when action has not been properly commenced in the first instance. *See Regie de l'assurance Auto. du Quebec v. Jensen*, 399 N.W.2d 85, 92 (Minn.1987) (refusing to allow a relation-back amendment to a subrogation claim that should have been brought as a wrongful-death claim by an appointed trustee, finding that the original action was a "legal nullity" and that there was nothing to which the attempted amendment could relate back).

Van Slooten has never commenced an action against a personal representative of Schneider–Janzen's estate. Thus, there exists no action to which the amendment can relate back.

### DECISION

Because respondent never served a summons on the personal representative of decedent's estate, respondent failed to commence an action against the estate and the district court erred by failing to dismiss the lawsuit for insufficiency of service of process.

**Reversed.**