**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1080**

Shaira Mattingly,
Appellant,

vs.

American Family Insurance,
Defendant,

Kathleen Plasch,
Respondent.

**Filed April 22, 2024
Affirmed
Johnson, Judge**

Washington County District Court
File No. 82-CV-22-775

Michael A. Bryant, Bradshaw & Bryant, P.L.L.C., Waite Park, Minnesota (for appellant)

Matthew J. Barber, Duncan J. McIntyre, Schwebel, Goetz & Sieben, P.A., Minneapolis, Minnesota (for respondent)

Considered and decided by Johnson, Presiding Judge; Segal, Chief Judge; and Cochran, Judge.

**SYLLABUS**

A plaintiff asserting a personal-injury claim based on the allegedly tortious conduct of a deceased person must sue the personal representative of the deceased person's estate, as authorized by Minnesota Statutes section 573.01 (Supp. 2023). A plaintiff does not properly commence such a personal-injury action by suing a person appointed trustee to

pursue a wrongful-death claim for the benefit of the deceased person's surviving spouse and next of kin pursuant to Minnesota Statutes section 573.02, subdivision 3 (2022).

## OPINION

**JOHNSON**, Judge

This appeal arises from a collision between an automobile and a motorcycle, which resulted in the deaths of the two persons in the automobile and the motorcyclist. The plaintiff was appointed trustee to pursue a wrongful-death claim for the benefit of the next of kin of the passenger of the automobile. The plaintiff sued a person who was appointed trustee to pursue a wrongful-death claim for the benefit of the surviving spouse and next of kin of the driver of the automobile. The district court dismissed the case on the ground that the plaintiff did not serve process on the personal representative of the estate of the driver of the automobile. We conclude that the district court did not err because a personal-injury claim based on the allegedly tortious conduct of a deceased person must be brought against the personal representative of the deceased person's estate. Therefore, we affirm.

## FACTS

The facts relevant to this appeal are undisputed. On July 19, 2019, Miriam Espinosa was a passenger in a vehicle owned and driven by Thomas Plasch. At the intersection of state highway 64 and county road T in St. Croix County, Wisconsin, Thomas Plasch's vehicle collided with a motorcycle driven by Cody Cook. All three persons died as a result of the injuries they sustained in the collision.

Kathleen Plasch was married to Thomas Plasch. After Thomas Plasch's death, a district court appointed Kathleen Plasch trustee to commence and pursue a wrongful-death

2

action for the benefit of herself and Thomas Plasch's next of kin. Kathleen Plasch was not appointed personal representative of Thomas Plasch's estate.

Shaira Mattingly is one of Espinosa's five children. After Espinosa's death, a district court appointed Mattingly trustee to commence and pursue a wrongful-death action for the benefit of Espinosa's next of kin.

In May 2021, Mattingly commenced this action against Kathleen Plasch and an insurance company, which no longer is a party to the action. Mattingly's summons and complaint describe Kathleen Plasch as "trustee for the Estate of Thomas Plasch, deceased." Mattingly alleged that Thomas Plasch was negligent on July 19, 2019, and that his negligence caused Espinosa's death.

In February 2023, after the expiration of the applicable statute of limitations, Kathleen Plasch moved to dismiss Mattingly's action. Kathleen Plasch argued that Mattingly may assert a wrongful-death claim only against the personal representative of Thomas Plasch's estate. Kathleen Plasch asserted that she was appointed trustee to commence a wrongful-death action for the benefit of herself and Thomas Plasch's next of kin but was *not* appointed personal representative of Thomas Plasch's estate. In July 2023, the district court agreed with Kathleen Plasch's argument, granted her motion, and dismissed the action. Mattingly appeals.

## ISSUE

May a plaintiff asserting a wrongful-death claim based on the alleged negligence of a deceased person commence an action by suing a person appointed trustee to commence

3

a wrongful-death action for the benefit of the deceased person's surviving spouse and next of kin?

**ANALYSIS**

Mattingly argues that the district court erred by granting Kathleen Plasch's motion to dismiss. Mattingly argues that a trustee with authority to commence a wrongful-death action for the benefit of a deceased person's surviving spouse and next of kin is the functional equivalent of the personal representative of the deceased person's estate. This court applies a *de novo* standard of review to a district court's grant of a motion to dismiss. *DeRosa v. McKenzie*, 936 N.W.2d 342, 346 (Minn. 2019).

**A.**

At common law, a personal-injury claim abated (*i.e.*, ceased to exist) if the person possessing the claim had died. *Ortiz v. Gavenda*, 590 N.W.2d 119, 121 (Minn. 1999). This rule rested on "the theory that a claim for personal injuries died with the victim." *Id.* Similarly, a personal-injury claim abated upon the death of the person against whom the claim could be asserted. *Wood v. Martin*, 328 N.W.2d 723, 724 (Minn. 1983); *Zahler v. Manning*, 295 N.W.2d 511, 513 n.2 (Minn. 1980).

These common-law rules, however, have been abrogated by two statutes. The first statute provides:

> A cause of action arising out of an injury to the person survives the death of any party in accordance with section 573.02. All other causes of action by one against another, whether arising on contract or not, survive to the personal representatives of the former and against those of the latter.

Minn. Stat. § 573.01 (Supp. 2023).[1]  The second statute provides, in pertinent part:

> Subdivision 1.  Death action.  When death is caused by the wrongful act or omission of any person or corporation, the trustee appointed as provided in subdivision 3 may maintain an action therefor if the decedent might have maintained an action, had the decedent lived, for an injury caused by the wrongful act or omission. . . .  The recovery in the action is the amount the jury deems fair and just for all damages suffered by the decedent resulting from the injury prior to the decedent's death and the pecuniary loss resulting from the death, and shall be for the exclusive benefit of the surviving spouse and next of kin, proportionate to the pecuniary loss severally suffered by the death. . . .
>
> . . . .
>
> Subd. 3.  Trustee for action.  Upon written petition by the surviving spouse or one of the next of kin, the court having jurisdiction of an action falling within the provisions of subdivisions 1 or 2, shall appoint a suitable and competent person as trustee to commence or continue such action and obtain recovery of damages therein. . . .

Minn. Stat. § 573.02 (2022 & Supp. 2023).  In light of these two statutes, any personal-injury claim brought on behalf of or against a deceased person must comply with section 573.01, and any wrongful-death claim commenced for the benefit of the surviving spouse and next of kin of a deceased person must comply with section 573.02.  *See Ortiz*, 590

---

[1]The first sentence of section 573.01 was amended in 2023.  2023 Minn. Laws ch. 52, art. 19, § 32, at 1143.  That sentence previously read, "A cause of action arising out of an injury to the person dies with the person of the party in whose favor it exists, except as provided in section 573.02."  Minn. Stat. § 573.01 (2022).  The amendment became effective on May 20, 2023, and "applies to causes of action pending on or commenced on or after that date." 2023 Minn. Laws ch. 52, art. 19, § 32, at 1143.  Because this action was pending on May 20, 2023, we apply the amended version of the statute.

N.W.2d at 122-23; *Wood*, 328 N.W.2d at 724; *Poepping v. Lindemann*, 127 N.W.2d 512, 514 (Minn. 1964).

## B.

Two appellate opinions illustrate the operation of section 573.01. In *Wood v. Martin*, the plaintiff, Wood, attempted to sue Martin for injuries Wood sustained in an automobile accident. 328 N.W.2d at 723-24. Unbeknownst to Wood, Martin had died before Wood attempted service of process. *Id.* at 724. The district court dismissed the action. *Id.* On appeal, the supreme court started its analysis with "the initial premise that service upon a dead person is a nullity." *Id.* The supreme court reasoned: "A cause of action does not exist in the abstract; it exists against somebody. In this case, that somebody is Calvin George Martin while he is living, and, after his death, the duly appointed personal representative of his estate." *Id.* at 725. The supreme court further reasoned that "if there is no defendant in existence, service on [some other person] is ineffectual." *Id.* Because Wood had not served the personal representative of Martin's estate, the supreme court affirmed the district court's dismissal. *See id.* at 726.

In *Van Slooten v. Estate of Schneider-Janzen*, 623 N.W.2d 269 (Minn. App. 2001), the plaintiff, Van Slooten, attempted to sue Schneider-Janzen for injuries Van Slooten sustained in an automobile accident. *Id.* at 269-70. Unbeknownst to Van Slooten, Schneider-Janzen had died. *Id.* at 270. Van Slooten attempted service of process on Schneider-Janzen's widower at his home. *Id.* This court noted that, if an alleged tortfeasor dies before the commencement of a lawsuit, section 573.01 allows a plaintiff to commence a personal-injury claim against "the personal representative of the decedent's estate." *Id.*

6

at 271. We explained, "A personal representative is someone who is qualified to serve in that capacity, is appointed by the court, and accepts the appointment." *Id.* (citing Minn. Stat. §§ 524.3-601, -602 (1998)). We further explained that a personal representative has "the capacity to be sued" and is "the proper defendant for claims against a decedent's estate." *Id.* We cited *Wood* for the proposition that Van Slooten was required to sue either Schneider-Janzen or the duly appointed personal representative of her estate, and we observed that Van Slooten had sued neither. *Id.* Accordingly, we concluded that Van Slooten's action must be dismissed. *Id.* at 272.

**C.**

Mattingly acknowledges the above-described caselaw concerning claims that were dismissed because they were not brought against personal representatives of the deceased persons' estates. But she argues that the terms "personal representative" and "trustee" are "equivalent" and "interchangeable."

Mattingly initially contends that the terms "personal representative" and "trustee" are ambiguous because they are not statutorily defined in chapter 573. She refers to statutory definitions in other chapters of the Minnesota Statutes, which, she asserts, are broad enough to encompass a person in Kathleen Plasch's position. We need not interpret the term "personal representative," as used in section 573.01, in the first instance because the meaning of that term is well explained in existing caselaw. The supreme court has stated, in applying section 573.01, that the proper defendant in a personal-injury action based on the allegedly tortious conduct of a deceased person is "the duly appointed personal representative of [the decedent's] estate." *Wood*, 328 N.W.2d at 725. This court,

7

in applying section 573.01, has explained further by stating, "A personal representative is someone who is qualified to serve in that capacity, is appointed by the court, and accepts the appointment." *Van Slooten*, 623 N.W.2d at 271. In making that statement, we cited the provisions of the probate code concerning personal representatives. *Id.* (citing Minn. Stat. §§ 524.3-601, -602 (1998)). Thus, it is well established that the term "personal representative," as used in section 573.01, means the person who has been duly appointed personal representative of a deceased person's estate in a probate action. The interpretation of "personal representative" reflected in *Wood* and *Van Slooten* is conclusive because "judicial construction of a statute, so long as it is unreversed, is as much a part thereof as if it had been written into it originally." *State v. Noor*, 964 N.W.2d 424, 430 (Minn. 2021) (quoting *Roos v. City of Mankato*, 271 N.W. 582, 584 (Minn. 1937)).

Likewise, the purpose of Kathleen Plasch's trusteeship, and the scope of her authority as trustee, are well defined by statute. Subdivision 3 of section 573.02 allows a deceased person's surviving spouse or next of kin to petition a district court for the appointment of "a suitable and competent person as trustee to commence or continue [a wrongful-death] action and obtain recovery of damages therein." Minn. Stat. § 573.02, subd. 3; *see also* Minn. R. Gen. Prac. 144 (providing procedures for appointment of wrongful-death trustee). The action that may be commenced, and the damages that may be recovered, are described in subdivision 1 of section 573.02. But section 573.02 contains no language authorizing a wrongful-death trustee to defend against a personal-injury action based on the allegedly tortious conduct of the deceased person. In short, section 573.02 authorizes a wrongful-death trustee to *assert* claims for the benefit of a deceased person's

8

surviving spouse and next of kin but does not authorize the wrongful-death trustee to *defend* against claims against the deceased person's estate.

**D.**

Mattingly also contends that caselaw concerning wrongful-death trustees "equates" the terms trustee and personal representative. She cites two opinions in support of this contention.

The first opinion cited by Mattingly is *Beck v. Groe*, 70 N.W.2d 886 (Minn. 1955). In that case, the supreme court considered whether a wrongful-death trustee appointed pursuant to section 573.02, subdivision 3, could assert both a wrongful-death claim against an allegedly negligent driver and, in addition, a claim under the civil damages act against a bar that had served beer to the allegedly negligent driver. *Id.* at 891 (citing Minn. Stat. § 340.95). In framing the issue, the supreme court asked "whether *a trustee, acting as the personal representative* by virtue of the provisions of § 573.02, the wrongful death act," may pursue an action under the civil damages act. *Id.* (emphasis added). In addition, in discussing the procedural history of the case, the supreme court referred to "the action *by the trustee as the personal representative* under § 573.02." *Id.* at 892 (emphasis added). Mattingly asserts that these descriptions of a wrongful-death trustee, which we have italicized, demonstrate that the terms "trustee" and "personal representative" are "the same" for purposes of sections 573.01 and 573.02.

We do not believe that the supreme court in *Beck* intended to suggest that a wrongful-death trustee appointed to commence an action pursuant to section 573.02, subdivision 3, could defend against an action as a personal representative in the manner

9

provided by section 573.01. Rather, we believe that the supreme court's description of the role of a wrongful-death trustee reflects the language used in historical versions of the wrongful-death statute.

A statutory cause of action for wrongful death has existed in Minnesota since 1851. *See Cashman v. Hedberg*, 10 N.W.2d 388, 390 (Minn. 1943). Early statutes provided that "the personal representative of the decedent" was authorized to commence and maintain a wrongful-death action "for the exclusive benefit of the surviving spouse and next of kin" of the deceased person. *See, e.g.*, Minn. Gen. Stat. § 8175 (1913); *see also Nash v. Tousley*, 8 N.W. 875 (Minn. 1881). But the early caselaw drew a distinction between "a cause of action, for the benefit of [the decedent's] estate" and a wrongful-death claim "designed as a compensation or indemnity to certain persons, and not to the general estate." *Schwarz v. Judd*, 10 N.W. 208, 209 (Minn. 1881). The latter type of claim was "exclusively for the benefit of the widow and next of kin, upon the theory that they have a pecuniary interest in the life of the deceased, and the object of the statute is to compensate them for such loss." *Foot v. Great Northern Ry. Co.*, 84 N.W. 342, 343 (Minn. 1900). Any recovery for the latter type of claim, "though in an action by the executor or administrator, was no part of the estate to be administered and applied to payment of debts." *State ex rel. Krey v. Prob. Ct. of Dakota Cnty.*, 53 N.W. 463, 464 (Minn. 1892). The supreme court explained that the personal representative of a deceased person's estate, when bringing the second type of action, was "a mere trustee," acting for the benefit of the decedent's surviving spouse and next of kin, not the decedent's estate. *Sykora v. Case Threshing-Mach. Co.*, 60 N.W. 1008, 1008 (Minn. 1894).

10

In 1951, the legislature amended the first sentence of section 573.02, subdivision 1, to reflect the language used in the then-existing caselaw. The legislature substituted the term "trustee" for the term "personal representative" and, in addition, provided for the appointment of "a suitable and competent person as trustee to commence or continue [a wrongful-death] action and obtain recovery of damages therein." *See* 1951 Minn. Laws ch. 697, § 1, at 1215 (codified as amended at Minn. Stat. § 573.02, subds. 1, 2 (Supp. 1951)). The *Beck* opinion was issued only four years after that amendment to the statute. The supreme court may have chosen its words for the purpose of indicating that, in effect, a wrongful-death trustee performs a role that previously had been performed by the personal representative of a deceased person's estate. In any event, a subsequent supreme court opinion makes clear that, after the death of an alleged tortfeasor, a personal-injury claim exists only against "the duly appointed personal representative of [the decedent's] estate." *Wood*, 328 N.W.2d at 725.

The second opinion cited by Mattingly is *Hanson v. State Farm Insurance Company*, 661 N.W.2d 659 (Minn. App. 2003). In that case, this court considered whether a contingency-fee agreement entered into by a wrongful-death trustee before his appointment was valid. *Id.* at 662. We cited caselaw for the proposition that a personal representative's authority to act on behalf of an estate relates back to the date of the decedent's death. *Id.* We noted that, in *Beck*, the supreme court "characterized the trustee in a wrongful death suit as a personal representative." *Id.* We concluded that, for similar reasons, the authority of the trustee in that case also related back and was binding on the decedent's heirs and next of kin after the trustee's appointment. *Id.* The issue in *Hanson*

11

is unrelated to the question whether a wrongful-death trustee is a proper party to defend against a personal-injury action based on the alleged tortious conduct of a deceased person. Accordingly, our opinion in *Hanson* is not on point and, thus, is not inconsistent with our opinion in *Van Slooten* or with the supreme court's opinion in *Wood*.

## E.

Mattingly's complaint alleges that Thomas Plasch was negligent and that his negligence caused Espinosa's death. Mattingly's claim survives only against, and must be brought against, the personal representative of Thomas Plasch's estate. *See* Minn. Stat. § 573.01; *Wood*, 328 N.W.2d at 724-25; *Van Slooten*, 623 N.W.2d at 271. Mattingly commenced this wrongful-death action against Kathleen Plasch, who was Thomas Plasch's surviving spouse. Kathleen Plasch was *not* appointed personal representative of Thomas Plasch's estate. Accordingly, Mattingly did not sue the proper defendant. Thus, the district court properly granted Kathleen Plasch's motion to dismiss.

## DECISION

The district court did not err by granting Kathleen Plasch's motion to dismiss.

**Affirmed.**

12